**Billy Ray LITTLEJOHN, Petitioner–Appellant,**

v.

**Christopher ARTUZ, Respondent–Appellee.**

**No. 00–2446.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 7, 2000.

Decided Nov. 14, 2001.

Billy Ray Littlejohn, pro se, Wood-bourne, NY, for petitioner-appellant.

Bridget Rahilly Steller, District Attorney's Office, Dutchess County, Poughkeepsie, NY, for respondent-appellee.

Before: STRAUB, SOTOMAYOR, Circuit Judges, SPATT, District Judge.*

PER CURIAM:

Petitioner Billy Ray Littlejohn moves for a certificate of appealability ("COA"), appointment of counsel, and *in forma pauperis* status in his appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*) denying his petition pursuant to 28 U.S.C. § 2254. We grant Mr. Littlejohn's motion for a COA solely on the District Court's denial of leave to amend his petition, vacate the District Court's judgment, and remand the case so

that the District Court may assess Mr. Littlejohn's motion to amend his habeas petition under the standards of Federal Rule of Civil Procedure 15(a).

### FACTUAL AND PROCEDURAL BACKGROUND

In 1997, Mr. Littlejohn filed a § 2254 petition in the United States District Court for the Southern District of New York challenging his 1989 conviction on three counts of criminal possession of a controlled substance, one count of criminal sale of a controlled substance, and one count of bail jumping. In his petition, Mr. Littlejohn alleged ineffective assistance of counsel on the part of both his original and replacement trial counsel, as well as ineffective assistance on the part of his appellate counsel. Mr. Littlejohn also argued that his due process rights were violated when the New York Court of Appeals failed to allow Mr. Littlejohn an extension of time to appeal the denial of his *error coram nobis* petition despite the court's letter to Mr. Littlejohn allowing him to "submit his application at his convenience."

A magistrate judge submitted a Report and Recommendation ("R & R"), dated April 7, 2000, recommending that Mr. Littlejohn's petition be denied (George Yanthis, *U.S. Mag. Judge*). The magistrate judge found Mr. Littlejohn's ineffective assistance of counsel claims to be without merit. Further, the magistrate judge determined that Mr. Littlejohn's due process claim did not raise a federal question upon which habeas relief could be granted and, in any event, the claim was without merit since a denial of a writ of *error coram nobis* is not appealable to the State Court of Appeals.

---

* The Honorable Arthur D. Spatt, United States District Judge for the Eastern District of New York, sitting by designation.

On April 20, 2000, before the District Court had ruled on the petition, Mr. Littlejohn moved to file an amended § 2254 petition pursuant to Fed.R.Civ.P. 15(a). In an affidavit accompanying the motion, Mr. Littlejohn stated that he just realized that issues that had been raised on direct appeal were not included in his original petition. Mr. Littlejohn included an amended petition raising three claims he had argued on direct appeal as well as an additional claim of ineffective assistance of appellate counsel. After Mr. Littlejohn moved to amend his petition, the District Court issued an order adopting the magistrate judge's R & R, dismissing Mr. Littlejohn's petition, and declining to issue a certificate of appealability. With respect to Mr. Littlejohn's request to amend his petition, the District Court directed the State to respond and then denied Mr. Littlejohn's motion since the court considered it to be a second petition which must be presented to this Court. The court reasoned that, since Mr. Littlejohn sought to add claims of which he was aware at the time his habeas petition was filed and which could have been included in that petition, the court lacked the power to consider such claims absent permission from this Court.

Mr. Littlejohn then filed a notice of appeal from the District Court's decision and moved for appointment of counsel and *in forma pauperis* status.

### DISCUSSION

■■ This Court generally reviews a district court's denial of a motion to amend under the abuse of discretion standard. *See Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir.), *cert. denied*, 531 U.S. 979, 121 S.Ct. 427, 148 L.Ed.2d 436 (2000). However, if the denial of leave to amend is based upon a legal interpretation, such as a determination by a district court that it was without authority to allow an amendment, we review the decision *de novo*. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000). We conclude that the District Court erred when it construed Mr. Littlejohn's motion to amend as an application for leave to file a second or successive § 2254 petition.

Motions to amend pleadings are generally controlled by Fed.R.Civ.P. 15(a) which requires that leave to amend "shall be freely given when justice so requires." In the habeas context, however, district courts in this circuit have disagreed as to whether motions to amend should be governed by Rule 15(a) or the more stringent standard of 28 U.S.C. § 2244(b)(2) which governs when a habeas petitioner is entitled to file a second or successive petition. For example, the District Court in the instant case relied on *McCool v. New York State*, 29 F.Supp.2d 151, 160–61 (W.D.N.Y. 1998), and concluded that because Mr. Littlejohn could have raised the additional claims in his original petition, the proposed amendment constituted a second or successive petition. In *Letizia v. Walker*, No. 97–CIV–0333, 1998 WL 567840, at *1 (W.D.N.Y. Aug. 27, 1998), however, the court refused to treat a motion to amend as a second or successive petition and instead applied Rule 15(a).

■■ In light of this confusion, we expressly hold today that motions to amend a habeas petition should not be construed as second or successive petitions. Defining what is and what is not a successive petition has been the subject of many of our recent cases. For example, in *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998), we held that a § 2255 petition was successive when a prior § 2255 petition

"has been decided on the merits."[1] Similarly, in *Camarano v. Irvin,* 98 F.3d 44, 47 (2d Cir.1996), we stated that "a petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies is not a 'second or successive' petition within the meaning of § 2244," because there had been no federal adjudication on the merits. *See also Rodriguez v. Mitchell,* 252 F.3d 191, 198–200 (2d Cir.2001) (holding that a 60(b) motion to vacate a judgment denying habeas relief is not a second or successive petition); *Carter v. United States,* 150 F.3d 202, 205 (2d Cir.1998) (a prior procedural default is a disposition on the merits such that a subsequent petition is successive); *Galtieri v. United States,* 128 F.3d 33, 37 (2d Cir.1997); *Chambers v. United States,* 106 F.3d 472, 474 (2d Cir.1997). These cases indicate that before a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice. Under this reading of our past cases, it is clear that when amendment of a § 2254 petition is sought before the district court rules on the merits of the petition, the motion to amend is not a second or successive petition. *See Zarvela v. Artuz,* 254 F.3d 374, 382 (2d Cir.2001) ("[A] habeas petitioner, like any civil litigant, is entitled to amend his petition."). Confronting the same question, the Seventh Circuit in *Johnson v. United States,* 196 F.3d 802, 805 (7th Cir.1999), reasoned:

> [A]re we not [ ] required to say that a motion to amend a petition before judgment is [ ] a second or successive motion (or application)? No, we're not, and here's why: a motion is caught by § 2244(b) and § 2255 ¶ 8 only if it is second or successive to a proceeding

that "counts" as the first. A petition that has reached final decision counts for this purpose.... But the AEDPA allows every prisoner one full opportunity to seek collateral review. Part of that opportunity—part of every civil case—is an entitlement to add or drop issues while the litigation proceeds.

Given that motions to amend are not successive habeas petitions, the standard for granting or denying a motion to amend is thus governed by Federal Rule of Civil Procedure 15(a). The application of Rule 15(a) is supported by 28 U.S.C. § 2242, which states that a petition for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions," and Rule 11 of the Rules Governing Section 2254 Cases which provides that the Federal Rules of Civil Procedure, "to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." We see nothing either in the Rules Governing Section 2254 Cases or AEDPA inconsistent with Rule 15(a). To be sure, AEDPA's stringent procedural requirements regarding second and successive petitions are intended to prevent piecemeal litigation of habeas petitions—i.e., "abuse of writ," *see Muniz v. United States,* 236 F.3d 122, 126–27 (2d Cir.2001), but this goal will not be frustrated by application of Rule 15. As explained below, although Rule 15 requires that leave to amend be "freely given," district courts nonetheless retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). More-

---

**1.** As we explained in *Fama v. Commissioner of Correctional Services,* 235 F.3d 804, 815–16 (2d Cir.2000), "[s]ections 2254 and 2255 are generally seen as *in pari materia*" and there-

fore "the reasoning of [cases] in the context of § 2255 petitions applies equally to § 2254 petitions."

over, we see nothing in AEDPA inconsistent with the application of Rule 15, which promotes consideration of all of a party's claims on the merits. *See Fama,* 235 F.3d at 815; *see also James v. Giles,* 221 F.3d 1074, 1078 (9th Cir.2000) ("[E]ven in the habeas context, we remain guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on pleadings or technicalities." (internal quotation marks omitted)).

This case is similar to *Fama,* 235 F.3d at 814–16, where we addressed the related question of whether a motion to amend filed more than one year after the conclusion of the petitioner's direct review was barred by the one-year time limit imposed by AEDPA for the filing of a § 2254 petition, *see* 28 U.S.C. § 2244(d)(1). We declined to apply the strictures of § 2244, but instead granted the motion to amend by applying Rule 15(c), which governs motions to amend generally in civil actions where the statute of limitations for the underlying cause of action has run. Given that 15(c), rather than § 2244, controls the timing of motions to amend, it would be anomalous for us to hold that other provisions of Rule 15 do not similarly apply absent a conflict with AEDPA. *See Fama,* 235 F.3d at 815–16; Rule 11 of the Rules Governing § 2254.

Accordingly, we grant Mr. Littlejohn's motion for a COA solely on the District Court's denial of leave to amend his petition. On the merits, we vacate the judgment of the District Court and remand so that the District Court may assess Mr. Littlejohn's motion to amend under the standards of Federal Rule of Civil Procedure 15(a). We express no opinion as to the merits of Mr. Littlejohn's claims and note that our limiting of the COA to the amendment issue is without prejudice to Mr. Littlejohn moving for a COA on any issue should the District Court, on re-

mand, again deny his petition. Finally, Mr. Littlejohn's motion to proceed *in forma pauperis* is granted and his motion for appointment of counsel denied. Mr. Littlejohn may move for appointment of counsel in the District Court if he so desires.