**Frank STERLING, Petitioner,**

v.

**George J. BARTLETT, Respondent.**

**No. 96–CV–6135FE.**

United States District Court,
W.D. New York.

Feb. 5, 2003.

Frank Sterling, Elmira, NY, pro se, William Clauss, Federal Public Defender, Rochester, NY, for plaintiff.

Robert Mastrocola, Monroe County District Attorney's Office, Wendy Evans Lehmann, Assistant District Attorney, Rochester, NY, for defendant.

## DECISION AND ORDER

FELDMAN, United States Magistrate Judge.

### Preliminary Statement

Before the Court is Petitioner Frank Sterling's (hereinafter Sterling) motion to amend his habeas corpus petition. (Docket # 15). The matter was fully briefed (*see* Docket # 's 17, 18) and a hearing was held before this Court on November 5, 2002. Post-hearing briefs were thereafter filed (Docket # 23, 24) and the matter was deemed submitted as of December 6, 2002. For the reasons set forth below, Sterling's motion to amend is granted.

### Factual Background

Given the well founded maxim that "justice delayed is justice denied," the Court feels compelled to set forth in some detail how it came to pass that a motion to amend a habeas corpus petition is being considered and determined almost seven years after the habeas petition was originally filed.

Sterling was convicted of the murder of Viola Manville and sentenced on December 23, 1992 to an indeterminate period of incarceration of twenty-five years to life in state prison. After completing his direct appeals in the New York state appellate courts, Sterling filed the instant habeas corpus petition on March 25, 1996. Respondent filed an answer to the petition on April 31, 1996. On August 13, 1996, the parties consented to have all further proceedings in the case conducted by this Court pursuant to 28 U.S.C. § 636(c).

On October 17, 1996, this Court provisionally assigned the Federal Public Defender to represent Sterling and requested all counsel appear before the Court for a status conference. In the Court's Order, counsel was directed to be prepared to discuss at the status conference whether Sterling's pending "habeas petition should be withdrawn without prejudice or stayed pending exhaustion of any related state court judicial proceedings." *See* Docket # 9.

The Court conducted the status conference on November 13, 1996. Although the conference was held in chambers, there is no dispute as to what was discussed or decided. Sterling's counsel informed the Court that Sterling had a newly discovered basis for post-conviction relief which Sterling wanted to exhaust in New York state court by pursuing a " § 440 motion." The general basis for the § 440 motion was that another individual had allegedly confessed to the murder for which Sterling had been convicted and sentenced. If the § 440 motion was ultimately unsuccessful, Sterling wanted to amend the pending federal habeas petition and add the new (and now exhausted) issue as a basis for relief.

In the interests of judicial economy and efficiency it was agreed at the November 13, 1996 status conference that, with the concurrence of the Court, all parties would agree to hold Sterling's federal habeas petition in abeyance until Sterling filed and exhausted

the contemplated § 440 motion in New York state court. *See Ashmus v. Calderon,* 977 F.Supp. 987, 991 (N.D.Cal.1997) (District court may in its discretion hold exhausted habeas petition in abeyance pending petitioner's exhaustion of remaining claims in state court). However, the Court asked the parties to return in sixty days to report on the status of the § 440 motion. In addition, the Court issued an Order on November 14, 1996 which formally appointed the Federal Defender to represent Sterling in the federal habeas proceedings. (Docket # 10).

On December 13, 1996, Sterling filed his § 440 motion in New York State court. On January 29, 1997, the Court held the follow-up status conference in chambers with counsel. It was agreed by all counsel that Sterling's pending federal habeas petition would continue to be held in abeyance until such time as he had fully exhausted the claims raised in his pending § 440 motion. If the § 440 motion was unsuccessful, Sterling could then move to amend his federal habeas petition to add the newly exhausted § 440 claim and the petition would be ripe for consideration by the Court.

Sterling did pursue his § 440 motion in state court. His motion for a new trial was denied by New York State Supreme Court Justice Donald Wisner in May 1997. The Fourth Department's Appellate Division affirmed Judge Wisner's decision in December 1999 and leave to appeal to the New York Court of Appeals was denied on February 22, 2000. Thus, as of February 22, 2000, Sterling had fully exhausted the issues raised in his § 440 motion which had prompted this Court to hold his federal habeas petition in abeyance.

Unfortunately, and for reasons still not clear to this Court, neither Sterling's counsel nor Respondent's counsel notified the Court that Sterling's § 440 proceedings had been completed in state court. Indeed, the case remained in abeyance until the Court asked the Federal Defender to report on the status of Sterling's state post-conviction proceedings. In a letter dated May 28, 2002, the Federal Defender reported that Sterling "wishes a continued stay of the petition while he pursues potential remedies in the New York State courts." This letter prompted counsel for the Respondent to file papers in opposition to Sterling's request. (Docket # 13). In opposing any further delay in determining Sterling's petition, Respondent raised the timeliness of Sterling's request and whether any amendment to the federal petition would be time barred. By letter dated June 12, 2002, the Federal Defender then withdrew Sterling's request that his habeas petition be held in further abeyance. In light of these developments, the Court directed counsel to appear for a status hearing on July 11, 2002.

An on the record status hearing was held on July 11, 2002. At the hearing, the Court questioned whether Sterling could now amend his petition to add the claims which were exhausted in his § 440 petition. To bring the issue to a head, the Court directed Sterling to file his motion to amend his petition and attach a copy of the proposed amended petition to his motion papers. The Court also directed Sterling to supplement his motion papers with a memorandum of law that addressed whether the amendments were proper under Rule 15 of the Federal Rules of Civil Procedure. Sterling filed his motion to amend (Docket # 15), his memorandum of law (Docket # 16) and Respondent filed papers in opposition. (Docket # 17). Oral argument was conducted by this Court on November 11, 2002 and post-argument briefs were thereafter filed by both counsel. (Docket # 20, 21, 23, 24).

### *Discussion*

28 U.S.C. § 2242 provides that a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." The Second Circuit has held that the standard for granting or denying a motion to amend a habeas petition shall be controlled by Rule 15 of the Federal Rule of Civil Procedure which provides that "leave to amend shall be freely given when justice so requires." *Littlejohn v. Artuz,* 271 F.3d 360, 362 (2d Cir.2001).

*A. Statute of Limitations and Rule 15(c):* Given Sterling's delay in moving to amend his petition, both Sterling and Respondent agree that the proposed amendments would

be time barred unless they relate back to the filing date of the original habeas petition pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. *See Fama v. Commissioner of Correctional Services*, 235 F.3d 804, 816 (2d Cir.2000) (Rule 15(c) applies to amendments to habeas corpus petitions filed pursuant to 28 U.S.C. § 2254). For statute of limitation purposes, Sterling's proposed amendments to his petition will relate back to the date the original petition was filed only if the claims asserted in Sterling's amended petition "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." Fed. R.Civ.P. 15(c)(2).

In the context of amending habeas petitions, several circuits have taken the position that habeas petitioners may not use Rule 15(c) as a "backdoor" invitation to stack untimely and factually distinct claims on to a pending habeas petition. As the D.C. Circuit recently explained in a § 2255 habeas case:

> Although Rule 15(c) could be read to mean that the relevant "occurrence" is the claimant's trial and sentencing, this interpretation has been resisted, and with good reason. In most cases, a prisoner's claims for collateral relief will arise out of the same criminal conviction; therefore if the defendant's trial and sentencing are construed to be the "occurrence," virtually any purported amendment will relate back. Such a result would be difficult to square with Congress' decision to expedite collateral attacks by placing stringent time restrictions on § 2255 motions.

*United States v. Hicks*, 283 F.3d 380, 388 (D.C.Cir.2002). *See also Davenport v. United States*, 217 F.3d 1341, 1344–45 (11th Cir. 2000) (untimely claim must have more in common with the timely filed claim than mere fact that they arose out of the same trial and sentencing proceedings), *cert. denied*, 532 U.S. 907, 121 S.Ct. 1232, 149 L.Ed.2d 141 (2001); *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir.2000) ("The fact that amended claims arise from the same trial and sentencing procedure as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c)"). However, if the proposed amendment "would neither change the fundamental nature" of the existing claims "nor prejudice the [respondent's] defense by requiring it to prepare its case anew," the amendment may relate back to the original pleading. *Hicks*, 283 F.3d at 389. *See also Pittman*, 209 F.3d at 317–18 (habeas claims did not relate back because they involved separate occurrences of "both time and type").

■ **B. Does Sterling's Proposed Amended Petition "Relate Back"?:** Sterling's original habeas petition contained three discrete claims: (1) Sterling's inculpatory statements were erroneously admitted into evidence because they were the product of an informally induced hypnotic state; (2) the trial court erred in refusing to instruct the jury that they must disregard Sterling's statements unless they find that such statements were not hypnotically induced; and (3) the trial court erred in denying Sterling's motion for a new trial based upon newly discovered exculpatory evidence that another person (Mark Christie) had repeatedly confessed in detail to the murder for which Sterling had been convicted. Sterling's proposed amended habeas petition also contains three separate claims, although the underlying premise of the first two claims are factually affiliated. The first claim in the proposed amended petition alleges that the prosecution violated its duty under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) by failing to disclose exculpatory evidence relating to Mark Christie's alleged involvement in the murder of Viola Manville. The second claim in the proposed amended petition alleges that Sterling was denied his right to due process when he was precluded from introducing evidence concerning Mark Christie's violent past conduct. The final claim in the proposed amended petition is that the trial judge erred by shifting the burden of proof to Sterling to demonstrate that he was in fact hypnotized at the time he confessed to killing Viola Manville.

Comparing the issues raised in Sterling's original habeas petition and his proposed amended petition leads this Court to conclude that they have more in common with each other than merely arising out of the

same trial. Clearly the third claim in the amended petition involving Sterling's alleged hypnosis is simply a restatement of the factual issues raised in the first two claims of his original habeas petition. Indeed, in his answer to Sterling's initial habeas petition, Respondent argued that Sterling's "hypnosis claims" were grounded in state law and therefore not cognizable in a federal habeas corpus action. (Docket # 5). The proposed amended petition does not change the gist of Sterling's hypnosis claims, but rather recasts them as a federal constitutional violation.

The Court is also convinced that the core of the "Mark Christie" claims were sufficiently noticed in Sterling's original petition so as to allow the amended petition to relate back. As the Second Circuit has instructed, the key inquiry "is whether the original complaint gave the defendant fair notice of the newly alleged claims." *Fama*, 235 F.3d at 815. Sterling was proceeding *pro se* when his original petition was filed. Like many *pro se* habeas petitioners, Sterling did not separately detail his grounds for relief in his form petition, but instead relied upon and incorporated by reference the legal briefs prepared by his counsel during the state trial and appellate process. Attached as an exhibit to Sterling's habeas petition is the legal brief submitted on his direct appeal to the Appellate Division's Fourth Department. In Point III of that brief, Sterling's appellate counsel argued that the trial judge erred by refusing to set aside the jury's verdict based upon newly discovered evidence that Mark Christie had confessed to the murder of Viola Manville. In making this particular argument, Sterling's counsel cited to "evidence" that Christie had been suspected of assaultive behavior in the past, had a motive to harm Manville and had "confessed" to others that he (Christie) had killed Manville. Sterling's appellate counsel also argued that the trial judge erred by denying the post-trial motion without the benefit of an evidentiary hearing.[1]

It is thus apparent that the "Christie claims" are not completely new allegations, raised for the first time in the proposed amended petition. True enough that the amended petition identifies the *federal* constitutional claims at issue better than the original petition Sterling filed without the benefit of counsel, but the core of facts giving rise to the claims have not altered in any material way. The logic of Rule 15(c) "is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 150, n. 3, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Here, Sterling's original petition "notified" Respondent that the facts surrounding the Christie "confessions" and the decision of the trial court not to grant an evidentiary hearing were part of his claims for federal habeas relief. Moreover, once counsel was assigned to represent Sterling in federal court (which occurred within a few months of Respondent filing his answer), Respondent was aware that Sterling intended to hold in abeyance his federal habeas petition so that the "Christie claims" could be litigated in Sterling's § 440 motion. Respondent's counsel did not object to this course of action and in fact represented the State in opposing the § 440 motion and related litigation. Based on the foregoing, Sterling's original petition provided Respondent sufficient "notice of the occurrences" that are the subject of the proposed amendments to permit those amendments to relate back pursuant to Rule 15(c).

■ There remains the issue the Court raised at oral argument as to whether Sterling was dilatory in moving to amend. "[A]lthough Rule 15 requires that leave to amend be 'freely given,' district courts nonetheless retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." *Littlejohn*, 271 F.3d at 363. This discretion may be exercised "regardless of the procedural posture of the case at the time the motion to amend is brought." *Ching v. United States*, 298 F.3d 174, 180 (2d Cir.2002).

Regardless of the explanations offered by Sterling, this Court should have been notified

---

1. Sterling's brief to the Fourth Department is annexed to docket # 5.

when the § 440 motion was fully exhausted in February of 2000. The Court held Sterling's habeas petition in abeyance *only* for the purpose of Sterling litigating the § 440 motion. Ironically, however, it was only the Court that was unaware that Sterling had exhausted his § 440 motion, as the office of the District Attorney (who also serves as Respondent's counsel herein) defended Sterling's conviction in the § 440 litigation. Although the specific attorney representing Respondent in Sterling's federal habeas petition has changed over the course of this litigation, the fact remains that Respondent's counsel concurred in holding Sterling's habeas petition in abeyance. Once the § 440 motion had been fully exhausted, Respondent was likewise able to notify this Court that there was no need for further delay and the federal proceedings were now ready to be actively litigated. Given the foregoing, and the seeming lack of prejudice resulting from the unnecessary delay, the Court has determined that Sterling has not sufficiently abused the writ to necessitate dismissal and therefore the Court will proceed to determine the merits of his habeas petition.

### Conclusion

The merits or lack thereof of Sterling's claims are not at issue for purposes of the instant motion. The only relevant issue is whether Sterling should be permitted to amend his petition and whether those amendments shall relate back to the filing of his original petition pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. For the reasons set forth above, Sterling's motion to amend is **granted**.

In light of the significant delay that has occurred, the Court directs that no further amendments of the petition will be granted. The Court further directs Sterling to file and serve the amended petition on Respondent's counsel no later than **February 21, 2003**.[2] On or before that date, Sterling shall also file a memorandum of law in support of the claims set forth in the amended petition. Respondent shall be permitted to file a memorandum of law in opposition to the amended petition. Opposition papers shall be filed on or before **March 14, 2003**. Any reply by Sterling shall be filed on or before **March 21, 2003**. The matter shall thereafter be deemed to be fully briefed and submitted.

**SO ORDERED.**

---

2. Sterling's counsel may correct a "drafting error" in paragraph 24 of the proposed amended petition. (*See* Docket # 18 at page 15, n. 2).