**PANTHER PARTNERS INC., On Behalf of Itself and all others Similarly Situated, Plaintiff–Appellant,**

v.

**IKANOS COMMUNICATIONS, INC., Rajesh Vashist, Daniel K. Atler, Danial Faizullabhoy, Michael L. Goguen, Michael Gulett, Paul G. Hansen, Gopal Venkatesh, Citigroup Global Markets, Inc., Defendants–Appellees,**

618

**Lehman Brothers Inc., Defendants.**

**No. 08–3398–cv.**

United States Court of Appeals,
Second Circuit.

Sept. 17, 2009.

Sanford Svetcov, (Susan K. Alexander, Samuel H. Rudman, and David A. Rosenfeld, on the brief) Coughlin Stoia Geller Rudman & Robbins LLP, San Francisco, CA and Melville, NY, for Appellant.

Michael D. Torpey, (James N. Kramer, on the brief) Orrick, Herrington & Sutcliffe LLP, San Francisco, CA, for Appellees Ikanos Communications, Inc., Rajesh Vashist, Daniel K. Atler, Danial Faizullabhoy, Michael L. Goguen, Michael Gulett, Paul G. Hansen, and Gopal Venkatesh.

Daniel J. Toal, (Daniel J. Kramer, Far-rah R. Berse, on the brief) Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, for Appellees Citigroup Global Markets, Inc.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff Panther Partners Inc. and all others similarly situated ("Panther Part-ners") appeals from the March 8, 2008, 538 F.Supp.2d 662, and June 12, 2008, 2008 WL 2414047, orders of the District Court dismissing plaintiff's amended complaint with prejudice, denying leave to amend the complaint, and denying a motion for recon-sideration. Plaintiff alleged that defen-dant Ikanos Communications, Inc. ("Ika-nos" or "the company"), along with various directors and underwriters, negligently made false statements in connection with the company's September 22, 2005 initial public offering and a March 17, 2006 sec-ondary offering in violation of sections 11, 12, and 15 of the Securities Act of 1933. Defendants moved to dismiss the amended complaint for failure to state a claim on which relief can be granted, Fed.R.Civ.P. 12(b)(6), asserting that plaintiff failed to meet the plausibility standard for plead-ings under Rule 8 of the Federal Rules of Civil Procedure set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The District Court granted this motion to dismiss and denied plaintiff leave to amend. The Dis-trict Court then denied plaintiff's motion for reconsideration. On appeal, plaintiff asks our Court to consider the following questions: (1) whether the motion to dis-miss was improperly granted because the District Court applied a particularity stan-dard, rather than the plausibility standard set forth in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, and *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868; (2) whether the District Court erred when it denied plaintiff's motion for leave to amend the complaint; and (3) whether the District Court erred when it denied plain-tiff's motion for reconsideration. We as-sume the parties' familiarity with the facts and procedural history of this case.

### Motion To Dismiss

This court reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs' fa-vor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002); *see also E & L Consulting, Ltd. v. Doman Indus.*, 472 F.3d 23, 28 (2d Cir.2006).

■ Plaintiff argues that the District Court misapplied *Twombly*, and improper-ly required pleading with particularity. Plaintiff further asserts that the allega-tions in the amended complaint support a "plausible" claim sufficient to satisfy the *Twombly* standard. Under *Twombly* (and confirmed by *Iqbal* ), Rule 8 requires that a plaintiff allege in its complaint "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. To meet this stan-dard, plaintiffs must "nudge[ ] their claims across the line from conceivable to plausi-ble." *Id.* This requires alleging "enough fact to raise a reasonable expectation that discovery will reveal evidence" to prove the claim. *Id.* at 556, 127 S.Ct. 1955.

Even applying the standard set forth in *Twombly*—a more lenient standard than that which the District Court imposed—we find that the allegations in plaintiff's amended complaint fail to support a "plau-sible" claim. Plaintiff's amended com-plaint states that (1) "[b]y January 2006,

Ikanos learned that the VDSL Version Four chips were failing," Am. Compl. ¶ 49; and (2) "Ikanos determined that the VDSL Version Four chips had a failure rate of 25% [to] 30%, which was extremely high," Am. Compl. ¶ 51. Learning that some chips were defective would be expected, so the critical question is *when* Ikanos determined that the failure rate was abnormally high. The amended complaint need not, despite the District Court's suggestion, allege when Ikanos knew the failure rate was specifically twenty-five to thirty percent. *Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, 538 F.Supp.2d 662, 673 (S.D.N.Y.2008). Instead, plaintiff needs only allege that Ikanos knew of abnormally high failure rates before the company published the registration statement accompanying its March 2006 secondary offering. As the District Court noted, "[n]o plausibly pleaded fact suggests that Ikanos knew or should have known the scope or magnitude of the defect problem at the time of the Secondary Offering." *Id.*

Again, it is worth emphasizing that the District Court order may have required plaintiff to allege facts with more particularity than the *Twombly* standard requires. The District Court stated that "[p]laintiff must tell the Court what was going on when—and how much the defect experienced actually differed from the norm." *Id.* Additionally, the District Court noted, "here there is no pleading as to what a 'normal' defect rate is. . . ." *Id.* The plausibility standard would not require that plaintiff assert, for example, exactly when the company knew the difference in defect rates between the VDSL chips and other chips was statistically significant. The plausibility standard, however, does require a statement alleging that they knew of the above-average defect rate before publishing the registration statement.

Although we do not agree that as much specificity is required in pleading as required here by the District Court, our *de novo* review leads us to the same conclusion as the District Court. Without an allegation in the amended complaint that Ikanos knew of the abnormally high defect rate in the VDSL chips before publishing their registration statement, the amended complaint failed to meet the plausibility requirements of *Twombly* because it did not allege facts sufficient to complete the chain of causation needed to prove that defendants negligently made false statements Therefore, it was proper for the District Court to dismiss the amended complaint.

**Leave to Amend**

We review denial of leave to amend under an "abuse of discretion" standard. *See, e.g., McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.2007) (leave to amend); *Devlin v. Transps. Commc'ns Int'l Union*, 175 F.3d 121, 131–32 (2d Cir.1999) (motion for reconsideration); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir.2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citation, alterations, and quotation marks omitted)).

■ First, it is well established that although leave to amend should be "freely given," Fed.R.Civ.P. 15(a), there is no rule that every request to amend must be granted. *See McCarthy*, 482 F.3d at 200. Second, though we have observed that complaints assessed under Rule 9(b) of the Federal Rules of Civil Procedure are routinely allowed "at least one opportunity to plead fraud with greater specificity," *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir.2007), we assess this

complaint under Rule 8, not Rule 9(b), because this plaintiff alleges negligent preparation of the registration statement and prospectus, rather than fraudulent preparation. *See Rombach v. Chang,* 355 F.3d 164, 171, 178 (2d Cir.2004) (applying Rule 9(b) requirements to claims under sections 11 and 12(a)(2) of the Securities Act of 1933 when they allege fraud, but applying Rule 8 requirements when they allege negligence); Am. Compl. ¶ 46 ("The Secondary Offering Registration Statement and Secondary Offering Prospectus were negligently prepared...."). There is no general rule that just because the complaint is brought under the federal securities laws, a plaintiff will automatically receive leave to amend.

Because there is no requirement to grant leave to amend under the circumstances presented here, it was within the District Court's discretion to deny leave to amend.

**Motion for Reconsideration**

We generally review motions for reconsideration under an "abuse of discretion" standard. *Devlin,* 175 F.3d at 131–32. When the denial of leave to amend is based on a legal interpretation, such as for futility, a reviewing court conducts a *de novo* review. *See, e.g., Littlejohn v. Artuz,* 271 F.3d 360, 362 (2d Cir.2001) ("[I]f the denial of leave to amend is based upon a legal interpretation ... we review the decision *de novo.*"); *see also Gorman v. Consol. Edison Corp.,* 488 F.3d 586, 592 (2d Cir.2007) (reviewing *de novo* a district court's denial of leave to amend on grounds of futility). Because the District Court did not consider the issue of futility until it decided the motion for reconsideration, we turn to that question in reviewing the District Court's order denying the motion for reconsideration, which we review *de novo.*

Despite alleging new facts, the proposed second amended complaint does not cure the deficiencies of the dismissed (first) amended complaint. Plaintiff's proposed second amended complaint does allege additional facts, but none of these facts answers the critical question about when the company knew that the defect rate was unusually high. Plaintiff primarily cites evidence from the "former Director of Quality and Reliability" (the "former Director") at Ikanos. Proposed Second Am. Compl. ¶ 33. Plaintiff states that the former Director "learned that there were quality issues with VDSL Version Four chip in January 2006." *Id.* Panther Partners does not allege, however, that the quality issues deviated from normal quality issues the company would expect in any production run. Plaintiff further asserts that "in the weeks leading up to the Secondary offering, the defect issues ... became more pronounced." Proposed Second Am. Compl. ¶ 34. One would expect, however, that normal defects would also become more pronounced as the new product entered the market. Furthermore, plaintiff does not allege that, even "in the weeks leading up to the Secondary Offering," the company knew that the defect rates were unusually high and therefore could materially affect earnings. Panther Partners in fact concedes that it was not until June 2006—three months after the secondary offering—that Ikanos decided to replace all chips on a board with one defective chip. Proposed Second Am. Compl. ¶ 37. This remedy proved costly for Ikanos. Proposed Second Am. Compl. ¶ 39. Although these assertions "nudge[d] [plaintiff's] claims" closer "to the line from conceivable to plausible," they were not enough to push the proposed second amended complaint across that line. *See Twombly,* 550 U.S. at 570, 127 S.Ct. 1955 (requiring that plaintiffs "nudge[ ] their claims across the line from conceivable to

plausible"). The proposed second amended complaint thus failed to allege plausibly that the company knew of abnormally high and potentially problematic defect rates before Ikanos published the registration statement.

 Despite the deficiencies in the proposed second amended complaint, granting leave to amend anew may not be futile in this case. Granting leave to amend is futile if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim. *Joblove v. Barr Labs., Inc.*, 466 F.3d 187, 220 (2d Cir.2006). Although courts commonly look to proposed amendments to determine futility, courts need not determine futility based only on an assessment of the proposed amendments— that is, the complaint presented to the court for its consideration. *Cf. Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 235 (2d Cir.2007) (directing the district court to consider "whether the proposed amendment *or different amendments* to the complaint should be allowed") (emphasis added). Instead, courts may consider all possible amendments when determining futility. Because it seems to us possible that plaintiff could allege additional facts that Ikanos knew the defect rate was above average before filing the registration statement, and that this allegation, if made, would be sufficient to meet the high standards that *Iqbal* and *Twombly* require for pleadings, further amendment may not be futile.

Finally, we recognize that *Iqbal* and *Twombly* raised the pleading requirements substantially while this case was pending. Although plaintiff has had an opportunity to further amend its complaint after *Twombly* was decided, we proceed cautiously in light of the rapidly changing contours of the pleadings standard in order to ensure justice.

For these reasons, we vacate the order of the District Court denying the motion to reconsider its decision to deny leave to amend and remand the cause to the District Court.

## CONCLUSION

After considering all of plaintiff's arguments, we **AFFIRM** the District Court's judgment insofar as it dismissed the amended complaint and **VACATE** the District Court's judgment insofar as it denied the motion to reconsider its denial of leave to amend. Accordingly, we **REMAND** the cause to the District Court for further proceedings consistent with this order, which may, upon reconsideration, include affording an opportunity to plaintiff to seek leave to amend the complaint further. We emphasize that in doing so we intimate no view on the substance of amendments that would meet the relevant pleading standards, much less a view on how the District Court should evaluate any further motion to amend.