**Hom Sui CHING, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Docket No. 00–3765.**

United States Court of Appeals, Second Circuit.

Submitted: Jan. 8, 2001.

Decided: July 31, 2002.

Hom Sui Ching, Sheridan, Oregon, pro se.

Loretta A. Lynch, United States Attorney for the Eastern District of New York (Peter A. Norling, Alan Vinegrad, Assistant United States Attorneys, of counsel) Brooklyn, New York, for Respondent United States of America.

BEFORE: WINTER, Van GRAAFEILAND, and SOTOMAYOR, Circuit Judges.

SOTOMAYOR, Circuit Judge.

Hom Sui Ching moves for an order authorizing the district court to consider a second or successive 28 U.S.C. § 2255 motion. The United States District Court for the Eastern District of New York (Dearie, J.) transferred petitioner's August 25, 1998 "Motion for Relief Pursuant to 28 U.S.C. § 2241" to this Court after determining, first, that it was in reality a motion for relief under 28 U.S.C. § 2255, and, second, that it constituted a second or successive motion within the meaning of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The district court erred in characterizing petitioner's § 2241 petition as a second or successive § 2255 motion, however, because Ching's August 25 petition was filed before adjudication of his previous § 2255 motion was complete. We hold that a habeas petition submitted during the pendency of an initial § 2255 motion should be construed as a motion to amend the initial motion. We therefore dismiss Ching's motion as unnecessary and transfer Ching's motion to the district court for further proceedings consistent with this opinion.

## BACKGROUND

After pleading guilty in 1991 to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, Hom Sui Ching was sentenced to 188 months of imprisonment. On direct appeal, this Court affirmed the sentence and conviction. *See United States v. Woo,* 940 F.2d 650 (2d Cir.1991) (table).

In March 1997, Ching filed a § 2255 motion attacking his conviction on the grounds of (1) ineffective assistance of counsel during sentencing and (2) the improper calculation of his relevant conduct for sentencing purposes. Ching claimed that by challenging the pre-sentence report without his consent, his counsel caused Ching to violate his plea agreement, which subjected him to a more severe sentence. On May 29, 1997, relying on *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997), the district court denied the 1997 motion as untimely. On appeal, we vacated and remanded, finding Ching's § 2255 motion timely in light of our decision in *Mickens v. United States,* 148 F.3d 145, 148 (2d Cir.1998) (holding that a prisoner whose conviction became final prior to the enactment of the AEDPA had one

year from the effective date of the statute to file a § 2255 motion).

On August 25, 1998, before this Court had rendered its decision with respect to his § 2255 motion, Ching filed a habeas petition under 28 U.S.C. § 2241 in the district court. In this petition, Ching challenged the federal court's jurisdiction over his criminal case and the validity and constitutionality of the statute under which he was charged. Specifically, Ching contended that Title 21 of the United States Code (1) had not been enacted into law at the time he was charged with violating it; (2) did not confer jurisdictional or statutory power; and (3) was an unconstitutional use of the commerce clause. Ching also sought to raise these arguments in the context of an ineffective assistance of counsel claim.

Upon remand by this Court of Ching's initial § 2255 motion, the district court issued an order simultaneously disposing of Ching's § 2255 motion and § 2241 petition. The district court dismissed Ching's § 2255 motion on the merits and denied him a certificate of appealability ("COA"). The district court determined that Ching's § 2241 petition should be treated as a successive § 2255 motion and transferred it to this Court for certification pursuant to the procedure set out by this Court in *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir.1996). The district court held that the "second petition, filed after the limitations period, is not procedurally valid as of right simply because his initial petition is again pending before this [c]ourt."

On December 13, 2000, Ching filed a motion in this Court seeking leave to file a second or successive § 2255 motion. In his motion, Ching reiterated the claims asserted in his § 2241 petition and stated that they were based on newly discovered evidence.

## DISCUSSION

█ It is well-settled that a district court may convert a § 2241 petition to a § 2255 motion in appropriate circumstances. *Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir.2001); *cf. Adams v. United States*, 155 F.3d 582, 584 (2d Cir.1998) (noting that a post-conviction motion may be construed as a § 2255 motion upon providing the movant with notice of the recharacterization).[1] In the instant case, the district court correctly determined that, because Ching challenges the constitutionality of the imposition of his sentence rather than the execution of his sentence, his § 2241 petition should be construed as a motion for relief under § 2255. Thus, in the district court's view, Ching had filed two motions for § 2255 relief—one in March of 1997 and another in August of 1998.

If the newly recharacterized § 2255 motion is "second or successive" within the meaning of the AEDPA, Ching must receive authorization from this Court before he may file his petition. 28 U.S.C. § 2255; *id.* § 2244(b)(3)(A); *see also Jiminian*, 245 F.3d at 148–49. We may not grant that authorization unless Ching makes a *prima facie* showing that the new claims presented in his second or successive § 2255 motion are based on a new rule of constitutional law or newly discovered evidence. *See* 28 U.S.C. § 2255. Before applying the

---

**1.** Although *Adams* specifically deals with the impropriety of a district court treating a motion for relief as a § 2255 motion without notice to the defendant, that decision is not applicable in this case. The *Adams* rule prohibits the recharacterization of a motion only if the movant has not previously requested relief under § 2255. *Roccisano v. Menifee*, 293 F.3d 51, 58 (2d Cir.2002). As Ching had already filed a § 2255 motion, the concerns discussed in *Adams* are not implicated in the present case.

AEDPA's gatekeeping provision, however, this Court must first determine whether Ching's August 25 motion was in fact second or successive within the meaning of the statute, or if instead, the district court should have construed it as a motion to amend his original § 2255 motion.

■ The AEDPA does not define what constitutes a "second or successive" § 2255 motion. Nonetheless, it is clear that for a petition to be "second or successive" within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of "a proceeding that 'counts' as the first. A petition that has reached *final* decision counts for this purpose." *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) (emphasis added); *see also id.* ("[B]efore a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice."); *Jiminian*, 245 F.3d at 148 (holding that the AEDPA's gatekeeping provisions are triggered "only [if] the prisoner has had a prior § 2255 motion dismissed on the merits").

Applying this principle, we determined in *Littlejohn* that a motion to amend a § 2254 petition brought while an initial § 2254 petition was still pending before the district court could not be construed as second or successive. We therefore held that Fed R. Civ. P. 15, rather than the more stringent standards of the AEDPA, governs such motions to amend. 271 F.3d at 362; *see also Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 815 (2d Cir.2000).[2] The holding in *Littlejohn* was based on our understanding that the AEDPA ensures

" 'every prisoner one full opportunity to seek collateral review. Part of that opportunity—part of every civil case—is an entitlement to add or drop issues while the litigation proceeds.' " 271 F.3d at 363 (quoting *Johnson*, 196 F.3d at 805). The general concern that civil plaintiffs have an opportunity for a full adjudication of their claims is particularly heightened in the AEDPA context, where the gatekeeping provisions of the statute stringently limit a petitioner's ability to raise further issues in a subsequent action. *Cf. Adams*, 155 F.3d at 583 (discussing how AEDPA's gate-keeping provisions "may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated" if a court converts a post-conviction motion into § 2255 motion).

■ These same considerations lead us to conclude that, in general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion. *Cf. Adams*, 155 F.3d at 583 (describing this circuit's longstanding practice of converting post-conviction motions of prisoners who unsuccessfully seek relief under one provision of law into motions made under 28 U.S.C. § 2255, where doing so "relax[es] formalities that might needlessly frustrate *pro se* petitioners and [is] harmless"). Yet this raises the question of whether Ching's § 2241 petition, even construed as a motion to amend his original § 2255 motion, must be considered second or successive

---

2. Although *Fama* and *Littlejohn* nominally concerned motions to amend § 2254 habeas petitions, the reasoning of these decisions clearly encompasses § 2255 motions as well. The *Fama* opinion noted explicitly that "[s]ections 2254 and 2255 are generally seen as *in pari materia.*" 235 F.3d at 816 (relying on cases that applied Rule 15(c) to § 2255 motions). Moreover, in *Littlejohn* we stated that " 'a motion to amend ... is [not] caught by § 2244(b) and § 2255 ¶ 8.' " 271 F.3d at 363 (quoting *Johnson*, 196 F.3d at 805); *see also* Fed. R. Governing § 2255 Proceedings 12 (allowing district courts to apply the Federal Rules of Civil Procedure when adjudicating § 2255 motions).

because it was brought after the district court had denied his original § 2255 motion and after there had been an appeal from that denial.

■ At the time Ching's § 2241 petition was filed and reviewed by the district court, this Court had yet to rule on Ching's appeal from the denial of his first § 2255 motion. Moreover, after we vacated the denial of Ching's initial motion, the district court proceeded to consider the merits of the claims Ching raised in his initial § 2255 motion. This, then, is not the "paradigmatic" case of a second or successive motion, where "the prisoner files a motion, loses on the merits, *exhausts appellate remedies,* and then files another motion." *Johnson v. United States,* 196 F.3d 802, 804 (7th Cir.1999) (emphasis added).

In the AEDPA context, adjudication of an initial habeas petition is not necessarily complete, such that a subsequent filing constitutes a "second or successive" motion, simply because the district court rendered a judgment that is "final" within the meaning of 28 U.S.C. § 1291. For example, in *Stewart v. Martinez–Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), the Court considered whether a petitioner could resubmit a claim that had been brought in a previous habeas petition and dismissed as immature. The Court reasoned that the later petition was not "second or successive," but rather was part of the on-going adjudication of the initial habeas petition: "This may have been the second time that respondent had asked the federal courts to provide relief on his ... claim, but this does not mean that there were two separate applications.... There was only one application for habeas relief, and the District Court ruled ... on each claim at the time it became ripe." *Id.* at 644, 118 S.Ct. 1618.

Similarly, in *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), the Supreme Court held that a habeas petition "filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not second or successive." *Id.* at 485–86, 120 S.Ct. 1595. Moreover, because a federal court "had yet to review a single constitutional claim" at the time the original petition was dismissed, the Court allowed the petitioner to raise claims in his second petition that were not encompassed by the original petition. *Id.* at 487, 120 S.Ct. 1595. These cases instruct that a prior district court judgment dismissing a habeas petition does not conclusively establish that there has been a final adjudication of that claim.

We find that adjudication of Ching's initial motion was not yet complete at the time he submitted his second § 2255 motion. The denial of the March 1997 motion was still pending on appeal before this Court and no final decision had been reached with respect to the merits of Ching's claim. Our conclusion that the adjudication of Ching's initial § 2255 motion was still ongoing during the period of appellate review is supported by the subsequent timeline in this case. When the district court ultimately disposed of Ching's August 1998 petition, the district court had pending before it Ching's March 1997 motion. Indeed, the district court reached the merits of that initial motion during the same proceeding in which it held that Ching's August 1998 petition was second or successive. Under these facts, we cannot say that adjudication of the initial § 2255 motion was complete when Ching filed his August 1998 petition. The district court therefore erred in treating Ching's August 1998 petition as a second

or successive § 2255 motion.[3]

We might have adopted a different conclusion had we found that the strict application of Rule 15 to these facts was inconsistent with the AEDPA.[4] *See* Fed. R. Governing § 2255 Proceedings 12 ("If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner *not inconsistent with these rules, or any applicable statute,* and may apply ... the Federal Rules of Civil Procedure ...." (emphasis added)). Undoubtedly, there is an apparent tension between the liberal amendment policy embodied in Fed.R.Civ.P. 15, which could theoretically allow a movant or petitioner to raise additional claims years after the filing of the original habeas petition or § 2255 motion, and the AEDPA's restrictions on bringing successive collateral attacks to criminal convictions. A closer examination of the equitable principles underlying pre-AEDPA abuse-of-the-writ jurisprudence, reveals that this inconsistency is more illusory than real. *See Muniz v. United States,* 236 F.3d 122, 127 (2d Cir. 2001); *Crouch v. Norris,* 251 F.3d 720, 723–24 (8th Cir.2001) (collecting cases that rely upon pre-AEDPA abuse-of-the-writ principles in determining if motion or petition is second or successive within the meaning of the AEDPA).

■  The rationale behind the abuse-of-the-writ doctrine is "that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks." *Sanders v. United States,* 373 U.S. 1, 17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Courts are not obliged to entertain needless or piecemeal litigation; nor should they adjudicate a motion or petition whose purpose is to vex, harass or delay. *McCleskey v. Zant,* 499 U.S. 467, 485, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). If a

---

**3.** We also note that this Court has not yet decided whether the dismissal of a habeas petition or § 2255 motion as time-barred constitutes a final adjudication on the merits. We have previously held that "when a habeas or § 2255 petition [sic] is *erroneously* dismissed on AEDPA limitations period grounds, and another petition is filed *that presses the dismissed claims,* the subsequently-filed petition is not 'second or successive' if the initial dismissal now appears to be erroneous because the law on which that dismissal was predicated is unarguably no longer good law." *Muniz v. United States,* 236 F.3d 122, 129 (2d Cir.2001) (emphasis added). It is unclear whether *Muniz* would apply to the present case. Our concern in *Muniz* was that the movant had never received any opportunity for review of the merits of her habeas claims, thereby potentially implicating the Suspension Clause. In contrast, the claims contained in Ching's initial § 2255 motion were adjudicated on the merits after he prevailed on appeal. Nor has this Court decided whether the rule established in *Muniz* allows movants to raise new claims in their subsequent petition. *Cf. Slack,* 529 U.S. at 488, 120 S.Ct. 1595 (holding that claims raised for the first time in petitioner's second § 2254 petition were not subject to the AEDPA's gatekeeping restrictions where prior petition was dismissed for failure to exhaust state remedies, and thus there was no prior adjudication on the merits of the initial habeas petition). As we hold that Ching's August 1998 petition is not second or successive because adjudication of the initial § 2255 motion was incomplete at the time of its submission, we need not decide whether *Muniz* likewise would prevent us from finding Ching's August 1998 petition second or successive.

**4.** Rule 15 permits amendment of civil pleadings following remand "when consistent with the appellate court's decision." 3 James W. Moore et al., Moore's Federal Practice § 15.14[4] (3d ed.2002); *see also Engel v. Teleprompter Corp.,* 732 F.2d 1238, 1242 (5th Cir.1984) (holding that district court abused its discretion by not granting plaintiff leave to amend pleadings to add a claim for attorney's fees on remand); *City of Columbia v. Paul N. Howard Co.,* 707 F.2d 338, 341 (8th Cir.1983) ("An amendment can be proper after remand to the district court even if the claim ... had not been presented to the district court in a timely fashion.").

post-conviction motion has the effect of circumventing these prohibitions against the abuse of the writ, it may be treated as the functional equivalent of a "second or successive" § 2255 motion. *See Johnson,* 196 F.3d at 805.

We have previously decided that the application of Fed.R.Civ.P. 15 to habeas petitions and § 2255 motions would not frustrate the AEDPA's goals, even if the motion to amend is brought late in the proceedings. *See Littlejohn,* 271 F.3d at 361 (motion to amend brought three years after initial petition filed); *Fama,* 235 F.3d at 815 (motion to amend brought more than a year after initial petition filed). Our decisions relied extensively on the fact that the decision to grant a motion to amend is committed to the sound discretion of the district court. Even though Rule 15 provides that "leave shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), the district court may deny that leave where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive. *Littlejohn,* 271 F.3d at 363; *see also Jones v. N.Y. State Div. of Military & Naval Affairs,* 166 F.3d 45, 50 (2d Cir.1999) (holding that district court may deny leave to amend on grounds of futility). This discretion safeguards against the possibility that Rule 15's amendment procedures will be exploited by petitioners for the purpose of undermining the rules designed to prevent abuse of the writ, regardless of the procedural posture of the case at the time the motion to amend is brought.[5]

Our ruling today finds support in the Eighth Circuit's decision in *Nims v. Ault,* 251 F.3d 698 (8th Cir.2001). In *Nims,* a district court denied the petitioner's first

---

**5.** The filing of the notice of appeal divested the district court of jurisdiction over Ching's original § 2255 motion. *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The district court could not rule on any motion affecting an aspect of the case that was before this Court, including a motion to amend the motion, while that appeal was pending. *See Hernandez v. Coughlin,* 18 F.3d 133, 138 (2d Cir.1994) (explaining that the district court lacked jurisdiction to rule on a motion to amend a complaint after a notice of appeal was filed); *see also May v. Sheahan,* 226 F.3d 876, 880 (7th Cir.2000) (holding that the district court could not grant motion to amend the complaint while interlocutory appeal was pending). As a result, had we affirmed the district court's denial of his initial § 2255 motion, Ching would have been foreclosed from bringing these additional claims unless he satisfied the requirements applicable to second or successive motions. Viewed in this light, by allowing Ching to bring a motion to amend simply because we vacated the origi-nal dismissal, we allow him to circumvent the AEDPA's strict gatekeeping provisions and thereby reap a possible windfall. *Cf. Jones v. New York City Human Resources Admin.,* 539 F.Supp. 795, 801 (S.D.N.Y.1982) (granting plaintiffs leave to amend pleading to add claim following remand to the district court on the grounds that plaintiff was entitled to institute a separate action so allowing amendment would serve ends of judicial economy and justice). Yet as the Seventh Circuit has observed:

> No one supposes that an amendment to the complaint in pending civil litigation violates principles of claim preclusion ... even though an identical claim raised in a separate suit would be precluded. Just so with amendments and the AEDPA. A prisoner receives one complete round of litigation, which as in other civil suits includes the opportunity to amend a pleading before judgment.

*Johnson,* 196 F.3d at 805; *see also Isbrandtsen Marine Servs. v. Derecktor Shipyard, Inc.,* No. 98 CIV 0276, 2001 WL 799765, at *2 (S.D.N.Y. July 16, 2001) (holding that, on remand, a civil plaintiff may request leave to add claims even if he or she would be barred on *res judicata* grounds from pursuing this additional claim in a separate action).

§ 2254 habeas petition—challenging his conviction on ineffective assistance of counsel and Eighth Amendment grounds—on the merits in 1991. While an appeal of that dismissal was pending before the Eighth Circuit, counsel for the petitioner became aware of a potential juror misconduct claim. Counsel requested that the Eighth Circuit dismiss the appeal and remand the case to the district court so that the petition could be amended to raise the additional claim. On remand, the district court dismissed the amended petition for failure to exhaust state remedies with respect to the juror misconduct claim. After the state court denied the petitioner's claim as untimely, the petitioner again raised the juror misconduct claim in a habeas petition filed in 1998, after the AEDPA's effective date. The district court exercised jurisdiction over the petition, ultimately denying the requested relief. Rather than vacating the district court judgment on the ground that the petitioner failed to obtain authorization to file a second or successive habeas petition, however, the Eighth Circuit proceeded to consider whether the juror misconduct claim was procedurally defaulted. *Id.* at 702. In other words, the Eighth Circuit implicitly concluded that the amendment of a habeas petition on remand to include additional claims for relief does not qualify as an abuse of the writ, nor was it barred by the AEDPA's stricture against second or successive habeas claims.[6] We agree that the AEDPA does not prohibit amendment of a § 2255 motion after adjudication has proceeded beyond the first round of appeals.

As an alternate basis for its dismissal of Ching's August 1998 petition, the district court concluded that Ching's petition, which was filed after the lapse of the AEDPA's one year statute of limitations, was time-barred. Fed.R.Civ.P. 15(c) governs the timeliness of a motion to amend submitted after AEDPA's statute of limitations has expired. *See Fama,* 235 F.3d at 815. Under Rule 15(c), an amendment is timely if it "relates back" to the original habeas motion. Fed.R.Civ.P. 15(c)(2) ("[An amendment] relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."). Hence, on remand the district court should consider whether the issues raised in Ching's motion to amend relate back to the claims raised in the original § 2255 motion.[7]

---

6. Although the Eighth Circuit did not address this issue directly, it was no doubt aware that the petitioner's 1998 habeas petition potentially implicated the AEDPA's prohibition against "second or successive" petitions as a member of the *Nims* panel filed a dissent arguing that the district court lacked jurisdiction to consider the 1998 habeas petition. Under the dissenter's view of the case, because the claims contained in the original petition were denied on the merits by the district court, any attempt to include additional claims at a later date, even by amendment of the petition after remand by the circuit court, constituted a second or successive habeas petition within the meaning of the AEDPA. 251 F.3d at 703–05.

7. In support of its conclusion that Ching's August 1998 petition was time-barred, the district court cited *Pastrana v. United States,* No. 95–CV–9980, 1999 WL 33295, at *1 (S.D.N.Y. Jan.22, 1999), *aff'd without opinion,* 201 F.3d 432 (2d Cir.1999), and *Eubanks v. United States,* 11 F.Supp.2d 455, 466 n. 15 (S.D.N.Y. 1998), two cases that predate our holding in *Fama.* The reasoning in these cases is incomplete and not compelling when applied to the facts of this case. Both of these cases hold that petitioners' supplemental § 2255 submissions were procedurally barred because AEDPA's statute of limitation had run. Neither case considered whether the original § 2255 motion could be amended under Rule 15(c).

## CONCLUSION

For the foregoing reasons, we dismiss the motion for leave to file a second or successive § 2255 motion as unnecessary, and transfer this matter to the district court for proceedings consistent with this opinion.