**Heung Wah WONG, Petitioner,**

v.

**John ASHCROFT et al., Respondents.**

**No. 04 CIV. 4036(DC).**

United States District Court,
S.D. New York.

May 10, 2005.

---

Paul M. Gamble, Esq., New York, NY, for Petitioner.

David N. Kelley, Esq., United States Attorney for the Southern District of New York, by Maria E. Douvas, Esq., Assistant United States Attorney, New York, NY, for Respondents.

## MEMORANDUM DECISION

CHIN, District Judge.

This habeas case, brought pursuant to 28 U.S.C. § 2241, currently presents two issues: (1) whether petitioner Heung Wah Wong, who pled guilty to a charge of illegal re-entry in this Court, can now collaterally attack the underlying deportation order, and (2) whether Wong may amend his petition (a second time) and assert an ineffective assistance of counsel claim to seek to vacate the guilty plea. For the reasons set forth below, I hold that Wong's guilty plea precludes him from collaterally attacking the deportation order. The petition is deemed amended, however, to include a request to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 for ineffective assistance of counsel. In other words, Wong will be given an opportunity to try to vacate his guilty plea, and if he succeeds, then he will be given an opportunity to challenge the underlying deportation order.

## PROCEDURAL HISTORY

### I. Removal Proceedings and Illegal Re-entry Conviction

In 1992, Wong, then a lawful permanent resident of the United States, was convict-

ed in the Supreme Court of the State of New York, New York County, of attempted robbery and attempted criminal possession of a weapon. He was sentenced to one to three years imprisonment.

In 1997, Wong was placed in removal proceedings by the immigration authorities because of his convictions. He did not have the assistance of a lawyer. (Tr. at 1).[1] On August 11, 1997, an immigration judge ordered him removed from the United States. Wong waived his right to appeal, in part because the immigration judge told him that he was ineligible to seek cancellation of removal.[2] In light of the Supreme Court's subsequent decision in *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the immigration judge's statement was wrong, for in fact Wong had a right to seek relief from deportation pursuant to § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996). On October 8, 1997, Wong was deported to the People's Republic of China.

Thereafter, Wong re-entered the United States. He was eventually arrested and charged in this Court with illegal re-entry in violation of 8 U.S.C. § 1326(a) and (b)(2).

On October 9, 2002, Wong pled guilty before Judge Duffy to illegal re-entry. On February 19, 2003, he was sentenced to forty-six months imprisonment. The judgment of conviction was docketed on February 25, 2003. Because Wong did not appeal, his conviction became final on March 13, 2003, ten business days after the judgment was entered. *See Moshier v. United States,* 402 F.3d 116, 118 & n. 1 (2d Cir. 2005); *see also* Fed. R.App. P. 4(b), 26(a)(2).

## II. *Habeas Petition*

### a. *Proceedings in the Eastern District of New York*

Wong promptly filed, *pro se,* what he designated a "habeas petition" in the Eastern District of New York (the "Original Petition").[3] The Original Petition asked for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 vacating the August 11, 1997 order of deportation. (Pet. ¶ 8 & p. 5).[4] In the Original Petition, Wong specifically argued that the deportation order was illegal and subject to attack under 8 U.S.C. § 1326(d). (Pet.¶ 10). He also ar-

---

1. References to "Tr." are to the August 11, 1997 immigration hearing transcript.

2. The record contains the following colloquy among the immigration judge (referred to as "COURT"), the government lawyer (referred to as "COUNSELOR"), and Wong:
   COURT: You appear to be eligible to apply for cancellation [of] removal[.] [I]s that correct counselor?
   COUNSELOR: Well Your Honor, it would be our position that the offense of attempted robbery is an aggravated felony.
   COURT: Yes it would be. It's over a year, isn't it?
   COUNSELOR: I think so.
   COURT: (UI) that's why he's not charged.
   COUNSELOR: That's right your honor.
   COURT: Your [sic] ineligible for cancellation [of] removal. Okay that's right. Mr. Wong it's in the order of the court that you

be removed from the United States to the People's Republic of China on the charged contained in (UI)[.][D]o you understand my decision? Wish to accept that decision reserve it to you?
   WONG: I accept the decision.
   (Tr. at 5–6).

3. At the time, Wong was temporarily housed at the Metropolitan Detention Center in Brooklyn.

4. References to "Pet." are to the Original Petition. The pages of the Original Petition are not numbered and the Court has numbered them. The first four pages contain numbered paragraphs; the remaining pages do not have numbered paragraphs and will be referred to by page number.

gued that he had recently been prosecuted for illegal re-entry because of the deportation order and that these "further sanctions" gave him the right to attack the validity of the deportation order, citing *St. Cyr.* (*Id.* p. 5). He specifically argued that the deportation order should be vacated or that, "in the very least," his "case"—referring to the illegal re-entry case—should be "reopened." (*Id.*). Wong asked for a remand to the immigration authorities for a § 212(c) hearing. In the Original Petition, Wong did not challenge the effectiveness of his attorney in the illegal re-entry case.

The court (Johnson, J.) appointed counsel for Wong, who then filed an amended petition on November 9, 2003 (the "Amended Petition"). The Amended Petition argued that the August 11, 1997 deportation order was illegal because the immigration judge gave Wong erroneous advice, for, under the Supreme Court's subsequent ruling in *St. Cyr,* Wong had the right to seek relief from deportation under § 212(c). The Amended Petition did not address the issue of the effectiveness of trial counsel in the illegal re-entry case.

The government responded to the Amended Petition by arguing, *inter alia,* that the court lacked jurisdiction to entertain the § 2241 petition and that the court should dismiss "so that [Wong] can file a petition pursuant to 28 U.S.C. § 2255 in the Southern District of New York." (Resp. Return at 1). The government argued that Wong was seeking to collaterally attack his illegal re-entry conviction and that such a collateral attack could not be brought via a § 2241 petition. (*Id.*). The government also argued that venue in the Eastern District was improper. (*Id.* at 9–11). Finally, the government argued that Wong's request for a remand for a § 212(c) hearing should be denied because the issue was not yet ripe and Wong was

precluded from attacking the deportation order because he thereafter re-entered illegally. (*Id.* at 11–15). The government did not address the merits of Wong's claim that the deportation order was illegal, nor did the government argue that Wong's guilty plea in the illegal re-entry case precluded him from attacking the validity of the underlying deportation order.

On May 26, 2004, the court issued an order transferring the matter to the Southern District of New York, noting, among other things, that the government was arguing that Wong's "challenge to his deportation order implicates his underlying conviction for illegal re-entry, a challenge that would more properly have been brought pursuant to 28 U.S.C. § 2255 in the Southern District of New York, the district of conviction." *Wong v. Ashcroft,* No. 03 CV 01981(SJ), at 1–2 (E.D.N.Y. May 26, 2004).

### b. *Proceedings in this Court*

After the case was transferred to this Court, the parties submitted supplemental letter briefs. In its initial correspondence to this Court in July 2004, the government argued that Wong was "in essence, seeking to collaterally attack his underlying order of removal in this proceeding and such attacks may generally be raised as a defense under 8 U.S.C. § 1326(d) during the criminal prosecution" and that "for a number of reasons, petitioner is precluded from collaterally attacking the underlying order of removal at this time." (Resp. July 1, 2004 Letter, at 2). The government did not explain what these reasons were. Subsequently the government submitted a supplemental response to Wong's Amended Petition arguing that *St. Cyr* did not apply to Wong. (Resp. Sept. 3, 2004 Letter, at 3–5). The government also considered the merits of Wong's challenge to the deportation order, concluding that Wong did not meet the requirements set

forward in 8 U.S.C. § 1326(d) for a collateral challenge to prior deportation proceedings. (*Id.* at 6–10). It did not argue again that petitioner was precluded from collaterally attacking the underlying order of removal.

In a reply letter, Wong argued that because the deportation order was constitutionally defective, it should not have been a basis for a criminal offense. (Pet'r Oct. 18, 2004 Letter, at 4). Wong requested that the Court vacate the illegal re-entry conviction and remand the case to an immigration judge for a § 212(c) hearing. Again, he did not raise the issue of ineffective assistance of counsel in the illegal re-entry case.

On April 22, 2005, I held a conference with the parties and raised the issue of whether Wong was precluded from collaterally attacking the deportation order because he had pled guilty to the illegal re-entry charge, an issue the parties had not addressed. I asked for supplemental briefing on the issue and the parties submitted letters on May 3, 2005. Wong argued that a collateral attack should not be barred or, in the alternative, that he should be permitted to amend his petition to add an ineffective assistance of counsel claim because his guilty plea was not knowing and voluntary. The government argued that by way of his guilty plea, Wong waived any alleged defects in the underlying deportation order. It also opposed an amendment to the petition, arguing that the ineffective assistance of counsel claim, which was not being proposed until more than a year after Wong's conviction became final, did not relate back to claims in the Original and Amended Petitions and therefore was untimely.

## DISCUSSION

### I. Collateral Attack

■ I conclude that Wong's guilty plea to the illegal re-entry charge precludes him from collaterally attacking the underlying deportation order.

By pleading guilty, Wong admitted all elements of the illegal re-entry charge and is deemed to have admitted the validity of the deportation order. *See United States v. Richards,* 302 F.3d 58, 71–72 & n. 11 (2d Cir.2002) (holding that defendant's guilty plea to illegal re-entry precluded him from arguing on appeal that he had not been "previously deported"). "A defendant who pleads guilty unconditionally admits all elements of the formal charge and, in the absence of court-approved reservation of issues for appeal, waives all challenges to prosecution except those going to the court's jurisdiction." *United States v. Lasaga,* 328 F.3d 61, 63 (2d Cir.2003). Here, there was no reservation of rights, and Wong acknowledges that "[t]here are no cases on point dealing with the issue of whether a defective deportation order is a jurisdictional defect." (Pet'r May 2, 2005 Letter, at 2).

Before I raised the issue at the April 22, 2005 conference, Wong's counsel and the government both argued the merits of Wong's § 1326(d) claim without addressing whether such a claim could be raised in a habeas petition after a guilty plea. Section 1326(d), however, contemplates a motion to dismiss the indictment, and most § 1326(d) cases involve a motion to dismiss the indictment while the criminal case is pending or on appeal from the grant or denial of such a motion. *See, e.g., United States v. Scott,* 394 F.3d 111 (2d Cir.2005); *United States v. Johnson,* 391 F.3d 67 (2d Cir.2004); *United States v. Calderon,* 391 F.3d 370 (2d Cir.2004).

The parties have not cited, and the Court has not found, published decisions specifically addressing the issue of whether a guilty plea to illegal re-entry is a bar

to a collateral attack on the validity of the underlying deportation order. The cases that contemplate similar issues seem to suggest that Wong is precluded from challenging the deportation order. *See, e.g., Richards,* 302 F.3d at 71–72 (defendant who pled guilty to illegal re-entry waived his right to argue on appeal that he had not been deported but instead had been denied admission under another name); *Smith v. United States,* No. 03 Civ. 0936(AKH), 2004 WL 1403305, **1–2, 2004 U.S. Dist. LEXIS 11496, *3 (S.D.N.Y. June 22, 2004) (defendant barred from collaterally challenging deportation proceeding where his motion to dismiss illegal re-entry indictment had been denied); *Cuero–Flores v. United States,* No. 02 Civ. 6744(SJ), 2005 WL 525534, *1, 2005 U.S. Dist. LEXIS 7218, *3 (E.D.N.Y. Feb. 24, 2005) (habeas petitioner barred from attacking underlying deportation order where he had pled guilty to illegal re-entry); *but see Nolasco v. United States,* 358 F.Supp.2d 224, 235–37 (S.D.N.Y.2004) (finding illegal re-entry conviction did not preclude petitioner from challenging validity of deportation order but not discussing whether guilty plea had collateral estoppel consequences).

In light of the above case law and the general principle that a defendant admits all the elements of the charged crime by pleading guilty, I hold that Wong is barred by his guilty plea from collaterally attacking the deportation order. Hence, Wong may challenge the validity of the underlying deportation order only if his guilty plea to illegal re-entry is first vacated.

## II. *Motion to Amend*

Although Wong may be restricted from collaterally attacking the deportation order, he retains the right to argue that his plea was not knowing and voluntary in the illegal re-entry case because the advice he received from counsel was not within acceptable standards. *See Lasaga,* 328 F.3d at 64 n. 2; *United States v. Coffin,* 76 F.3d 494, 497 (2d Cir.1996). Neither the Original Petition nor the Amended Petition specifically raised the issue of ineffective assistance of counsel in the illegal re-entry case. Wong did not seek leave to amend to add such a claim until his attorney's May 3, 2005 letter, which was submitted long after his time for filing a § 2255 motion had expired—March 13, 2004. Whether Wong may raise an ineffective assistance of counsel claim now depends on whether such a claim "relates back" to the claims he made in the Original Petition or the Amended Petition.

### A. *Applicable Law*

In *Fama v. Commissioner of Correctional Services,* the Second Circuit held that Fed.R.Civ.P. 15(c) governs motions to amend habeas petitions where the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has already run. 235 F.3d 804, 815 (2d Cir.2000). Rule 15(c) provides, in relevant part, that

> [a]n amendment of a pleading relates back to the date of the original pleading when ... the claim ... arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

Fed.R.Civ.P. 15(c)(2). "In determining whether the claim arises out of the same conduct or occurrence, 'the pertinent inquiry ... is whether the original complaint gave the defendant fair notice of the newly alleged claims.'" *Fama,* 235 F.3d at 815 (quoting *Wilson v. Fairchild Republic Co.,* 143 F.3d 733, 738 (2d Cir.1998)).

District courts have discretion to grant leave to amend when justice so requires. *See Ching v. United States,* 298 F.3d 174, 180 (2d Cir.2002) (noting that the

decision to grant a motion to amend is within the sound discretion of the district judge and that, under Rule 15, leave to and shall be freely given when justice so requires, but "the district court may deny that leave where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive"). *See also Brown v. United States,* No. 02 Civ. 9305(HB), 2003 WL 22047879, \*\*2–3, 2003 U.S. Dist. LEXIS 15080, \*8–9 (S.D.N.Y. Aug. 29, 2003) (dismissing petition after granting petitioner's motion to amend petition to include a second ineffectual assistance of counsel claim out of recognition that "the gatekeeping provisions of the AEDPA can result in disastrous deprivation of a future opportunity to consider what may be a well-justified grievance if [the court] refuse[s] to grant leave" (citing *Ching,* 298 F.3d at 177)).[5]

### B. *Application*

■ I conclude that Wong's proposed ineffective assistance claim "relates back" to the claims he made in his Original and Amended Petitions.

First, the ineffective assistance claim arises out of the same "conduct, transaction, or occurrence" that was the subject of the Original and Amended Petitions—the August 11, 1997 deportation order. The Original and Amended Petitions attacked the legality of the deportation order. The proposed ineffective assistance claim would attack trial counsel's failure to challenge the legality of the deportation order. The

trappings are different but the core issue is the same—whether Wong's rights were violated when the immigration judge gave him erroneous advice. *See Ellzey v. United States,* 324 F.3d 521, 526–27 (7th Cir. 2003) (reasoning that "amendments to the pleadings in collateral attacks should be treated like amendments to the pleadings in other civil suits, and that the articulation of a new legal theory therefore is *not* a new claim") (emphasis in original); *accord Felix v. Mayle,* 379 F.3d 612, 615–16 (9th Cir.2004) ("We agree with *Ellzey* that the proper 'conduct, transaction, or occurrence' in a habeas context is the trial and sentence under attack.").

Second, the government was given fair notice of the proposed claim. The *pro se* Original Petition raised the core issue of the validity of the deportation order and asked that the criminal case be "reopened" for this reason. The government responded by arguing, *inter alia,* that Wong was really attacking his criminal conviction and that his § 2241 petition should be dismissed so that Wong could file a § 2255 motion. Although the parties did not specifically discuss the possibility of an ineffective assistance claim until after the Court raised the issue of whether the guilty plea acted as a bar, I conclude that the government should have known from the outset that the effectiveness of trial counsel was an issue, in view of the failure of trial counsel to move pursuant to

---

5. *But see Subervi v. Stinson,* No. 97 Civ. 1295(DGT), 2003 WL 22462489, \*4, 2003 U.S. Dist. LEXIS 19326, \*12 (E.D.N.Y. Oct. 10, 2003) (finding that "the applicability of the Federal Rules of Civil Procedure is discretionary in the habeas context"). In *Subervi,* the court denied petitioner's habeas petition but found it was within its discretion to permit the petitioner to pursue claims in an amended petition that might not relate back to the initial petition. *Id.* at \*4, 2003 U.S.

Dist. LEXIS 19326, \*\*12–13. The court held that respondent, unlike a party in a typical civil action, was "in no position to claim financial or other reliance on the running of the statute of limitations" and was not "materially prejudiced in opposing the petition … because all but one of the grounds raised in [the] amended petition [were] based on evidence contained in the trial and/or appellate records, which, of course, [were] available to respondent." *Id.*

§ 1326(d) to dismiss the illegal re-entry indictment.

Third, leave to amend shall be freely given when justice so requires, and here justice so requires. The government will not be prejudiced by leave to amend, while Wong would be severely prejudiced if it were denied. It would appear that he had at least an arguably meritorious motion pursuant to § 1326(d) to dismiss the indictment, but the motion was never filed.[6] Instead, he was permitted to plead guilty. If indeed his deportation order was illegally entered, it should have been addressed in the illegal re-entry case. Wong should now be allowed to challenge his trial counsel's failure to make such a claim. "The purpose of Rule 15 . . . 'is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.'" *Fama*, 235 at 815 (quoting 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1471 (2d ed. 1990) (2000 Supp.)).

Finally, the government relies on *Rodriguez v. Bennett*, No. 00 Civ. 401(MBM), 2005 WL 273263, 2005 U.S. Dist. LEXIS 1571 (S.D.N.Y. Feb. 12, 2005), and *United States v. Espinoza–Saenz*, 235 F.3d 501, 505 (10th Cir.2000), to support its argument that Wong's motion to amend the petition should be denied. *Rodriguez* is not relevant, however, because in that case the petitioner withdrew his original § 2255 motion, so "there [wa]s no pleading to which to relate back." *Rodriguez*, at **5–6, 2005 U.S. Dist. LEXIS 1571, *16 (quoting *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir.2000)).

In *Espinoza–Saenz*, the Tenth Circuit found that an amendment to a § 2255 mo-

tion relates back to the original petition if "the proposed amendment does not seek to add a new claim or to insert a new theory into the case." 235 F.3d at 505 (citation omitted). This narrow reading of Rule 15(c) directly contradicts the Seventh Circuit in *Ellzey* and seems to conflict with dicta in Second Circuit cases. *See Ellzey*, 324 F.3d at 526–27; *Fama*, 235 F.3d at 815; *Ching*, 298 F.3d at 180. Here, Wong has met the requirements of Rule 15(c). In addition, this is not a case in which Rule 15 procedures are being exploited to undermine AEDPA's limitations on successive collateral attacks to criminal convictions. *See id.* at 179–80.

### CONCLUSION

Accordingly, Wong's petition is deemed amended to assert a claim of ineffective assistance of trial counsel. Wong is deemed to have waived the attorney-client privilege to the extent necessary to assert this claim. Prior defense counsel is hereby directed to submit, on or before May 17, 2005, an affidavit addressing the following and any other relevant matters: whether prior defense counsel discussed with Wong the legality of the underlying deportation order and the filing of a motion to dismiss the illegal re-entry charge under § 1326(d), the substance of those discussions, the reasons why such a motion was not filed, and whether, in light of these circumstances, Wong's decision to plead guilty was knowing and intelligent.

SO ORDERED.

---

**6.** To challenge the validity of a deportation order under § 1326(d), a defendant must show that (1) he has exhausted any available administrative remedies; (2) the deportation proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. *See* 8 U.S.C. § 1326(d).