UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2015

(Submitted: February 29, 2016        Decided: March 5, 2016)

Docket No. 15-3006

_____

SHELDON FULLER,

*Petitioner,*

— v.—

UNITED STATES OF AMERICA,

*Respondent.*

_____

Before: KATZMANN, *Chief Judge*; SACK and LOHIER, *Circuit Judges.*

Petitioner moves for remand of his 28 U.S.C. § 2255 motion, which the

district court transferred to this Court as successive. We conclude that the § 2255

motion was properly transferred to this Court as successive because it was filed

after the adjudication of Petitioner's first § 2255 motion became final. **MOTION DENIED**.

_____

For Petitioner:                     Sheldon Fuller, pro se, White Deer, PA.

For Respondent:                     Michael A. Levy, Andrew Douglas Beaty, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

_____

PER CURIAM:

Petitioner Sheldon Fuller, proceeding pro se, moves for remand of his third 28 U.S.C. § 2255 motion, which the district court transferred to this Court as successive. Fuller argues that the § 2255 motion is not successive. We conclude that the § 2255 motion was properly transferred to this Court as successive because it was filed after the adjudication of his first § 2255 motion became final.

In December 2010, Fuller filed his first § 2255 motion challenging his conviction for murder and related crimes. In November 2011, the district court denied Fuller's motion on the merits. In February 2013, this Court denied a certificate of appealability ("COA") and dismissed Fuller's appeal. Fuller did not petition the Supreme Court for *certiorari*, and the adjudication therefore became

final 90 days later in May 2013. *See* 28 U.S.C. § 2101(c); *Pena v. United States*, 534 F.3d 92, 94 (2d Cir. 2008).

In March 2013, before the denial of his first § 2255 motion became final, Fuller filed a second § 2255 motion. In November 2013, the district court denied Fuller's second § 2255 motion on the merits. In September 2014, this Court denied a COA and dismissed Fuller's appeal. Fuller timely petitioned the Supreme Court for *certiorari*, which was denied in April 2015.

In January 2015, while the petition for *certiorari* on his second § 2255 motion was pending, Fuller filed the instant, third § 2255 motion. The district court transferred the motion to this Court as successive. Fuller now moves for remand, arguing that the third § 2255 motion is not successive because it was filed during the pendency of his second § 2255 motion.

"[T]he law allows every petitioner 'one full opportunity' for collateral review." *Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005) (quoting *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002)). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), after a petitioner has had that "one full opportunity," he must obtain authorization from this Court before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). In order, however,

for a § 2255 motion to be considered successive, it must have been filed after the adjudication of a prior § 2255 motion has become "final." *See Ching*, 298 F.3d at 177. A § 2255 motion does not become "final until [the] petitioner's opportunity to seek review in the Supreme Court has expired." *Whab*, 408 F.3d at 120.

Because Fuller has had one full opportunity for collateral review, which reached final adjudication prior to commencement of the present proceeding, his instant § 2255 motion is successive.[1] The adjudication of Fuller's first § 2255 motion became final in May 2013 when the time to file a petition for *certiorari* in the Supreme Court expired, thus exhausting one full opportunity for collateral review. Fuller's instant § 2255 motion, filed in January 2015, is therefore successive because it was "filed subsequent to the conclusion of 'a proceeding that counts as the first.'" *Ching*, 298 F.3d at 177 (quoting *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001)). We decline to adopt Fuller's position because it would permit a petitioner to prevent the adjudication of an initial habeas petition from ever becoming final by extending the first habeas proceedings through an

---

[1] Whether Fuller's second § 2255 motion was successive is not currently at issue, but we note that it differed from the third § 2255 motion in that the second motion was filed before the adjudication of Fuller's first § 2255 motion became final.

indefinite number of new petitions.  Such a position is contrary to this Court's

gatekeeping function and AEDPA.[2]

Accordingly, for the foregoing reasons, Petitioner's motion for remand is

**DENIED**.  Petitioner is advised that this proceeding will be dismissed unless he

files, within 30 days of the date of this decision, a motion for leave to file a

successive § 2255 motion.

---

[2] We note that this case differs from *United States v. MacDonald*, 641 F.3d 596, 615–16 (4th Cir. 2011), where the Fourth Circuit concluded that a petitioner's motion to add a claim to a pending, authorized second § 2255 motion was not a successive third § 2255 motion.  The Fourth Circuit reasoned that the motion to add a claim was more properly considered a motion to amend, and was therefore governed by Federal Rule of Civil Procedure 15.  *Id.* at 616.  Nothing in this case limits a petitioner's ability to move to amend a habeas petition pending in the district court under Rule 15.  Fuller's third § 2255 motion cannot be deemed a motion to amend the second § 2255 motion because it was filed after the second § 2255 motion was denied by the district court, and, thus, no motion that could be amended was pending. *See Ching*, 298 F.3d at 177 ("[I]n general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion.").