**Hector RIVERA Petitioner–Appellant,**

v.

**Ron WILEY, Warden, Respondent–Appellee.**

**Nos. 01–2469, 02–3648.**

United States Court of Appeals, Second Circuit.

May 27, 2005.

---

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

Hector Rivera, Fort Dix, NJ, for Appellant.

Present: OAKES, CABRANES, Circuit Judges, and GOLDBERG, Judge.*

### SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition and the appeal be and hereby are **DISMISSED.**

In November 1997, with his initial 28 U.S.C. § 2255 motion for habeas relief still pending, Hector Rivera filed a *pro se* petition under 28 U.S.C. § 2241 [1] seeking to vacate his 1989 conviction for conspiracy to possess, and possession with intent to distribute, cocaine and heroin. Specifically, Rivera alleged that his 260–month sentence was improper because it was based on a prior state conviction which Rivera claimed was a byproduct of (1) ineffective assistance of counsel and (2) an involuntary guilty plea entered while Rivera was under the influence of alcohol and heroin.

Characterizing Rivera's motion as a successive 28 U.S.C. § 2255 motion for habeas relief, the District Court transferred Rivera's petition to this Court. On appeal, Rivera argues, *inter alia,* that the District Court "erred in characterizing the 2241 motion as a successive 2251 motion" and "should ... have granted petitioner leave to amend his then pending timely 2255 motion so the merits of the issue could be adjudicated." Petitioner's Br. at 19. *See Ching v. United States,* 298 F.3d 174, 177 (2d Cir.2002) ("[I]n general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion.").

Because Rivera's underlying petition, regardless of its character, is meritless, we dismiss it and defendant's appeal from the District Court's order as frivolous. *See Daniels v. United States,* 532 U.S. 374, 375, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) ("[A] defendant may not collaterally attack his prior conviction through a motion under § 2255, unless he claims that conviction was obtained in violation of the right to counsel and he raised that claim at his federal sentencing proceeding.").

\*    \*    \*    \*    \*    \*

We have considered all of petitioner's arguments and have found each of them to be without merit. Accordingly, the petition and appeal are **DISMISSED** and petitioner's motion for appointment of counsel is **DENIED** as moot.

---

* The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

1. *See Grullon v. Ashcroft,* 374 F.3d 137, 139 (2d Cir.2004) ("A § 2241 petition generally challenges the *execution* of a federal prisoner's sentence, whereas challenges to the underlying conviction and sentence are properly raised in a § 2255 petition.").