**UNITED STATES of America,**
**Appellee,**

v.

**Joseph THRISTINO, a.k.a. Joseph**
**Thirstino, Defendant–**
**Appellant.**

**Docket No. 01–1155.**

United States Court of Appeals,
Second Circuit.

Sept. 9, 2002.

James B. Comey, United States Attorney for the Southern District of New York (Preetinder Bharara and Meir Feder, Assistant United States Attorneys, of counsel), for Appellee.

Julia Pamela Heit, New York, NY, for Appellant.

Present SOTOMAYOR, LEVAL, Circuit Judges, and KOELTL, District Judge.*

---

* The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District for the Southern District of New York (Parker, J.), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Joseph Thristino appeals his jury conviction, in the United States District Court for the Southern District of New York (Parker, J.), of being in possession of ammunition (a .38 caliber bullet) after having been convicted of a felony, in violation of 18 U.S.C. § 922(g).

Thristino challenges his conviction on two grounds: (1) that his trial counsel provided ineffective assistance in violation of his Sixth Amendment rights by conceding admissibility of evidence of drug-related activity in the apartment from which the ammunition at issue was seized and by failing to request a hearing or jury instruction on law enforcement's failure to collect or preserve certain items of evidence; and (2) that the prosecutor made prejudicial statements during summation that exploited the drug evidence and impermissibly vouched for the credibility of witnesses, in violation of Thristino's due process rights under the Fourteenth Amendment. We reject both of these contentions.

■ Thristino has not established, as he must on an ineffective-assistance claim, that his counsel's performance fell below an objective standard of reasonableness and that this deficiency resulted in prejudice to Thristino. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Evidence of drug-related activity is often admitted to establish the "circumstances surrounding the

events or to furnish an explanation of the understanding or intent with which certain acts were performed." *United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997). The evidence of drug-dealing in Thristino's apartment was also relevant to show his motive for possessing ammunition as a "tool" of the drug trade, *cf. United States v. Becerra*, 97 F.3d 669, 671 (2d Cir.1996) (noting that this Court has repeatedly approved the admission of firearms and ammunition as evidence of drug-activity because drug dealers commonly keep firearms on their premises as tools of the trade), and to provide the jury with information needed to complete the narrative of the events and circumstances, *Gonzalez*, 110 F.3d at 941–42. The evidence of drug activity was "inextricably intertwined" with the evidence of the ammunition and was needed to explain the relationships among the individuals involved and the facts precipitating the arrest. *Id.*

■ Moreover, defense counsel's willingness to have drug-related evidence admitted was "in the range of acceptable strategic and tactical alternatives." *United States v. Luciano*, 158 F.3d 655, 660 (1998). In light of the "strong presumption" of counsel's adequate performance, *Strickland*, 466 U.S. at 669, 104 S.Ct. 2052, and counsel's wide discretion in formulating a "sound trial strategy," *Mason v. Scully*, 16 F.3d 38, 42 (2d Cir.1994), it was reasonable for counsel to agree to admission of this evidence in order to advance the theory that Thristino's apartment mates, who were government witnesses and admitted drug users, were seeking to frame Thristino.

■ Thristino also argues that his counsel was ineffective for failing to request a hearing or a jury instruction regarding law enforcement's failure to collect or preserve certain evidence found at the scene, including photographs documenting the search

and a backpack different from the one in which the incriminating bullet was found together with pieces of identification in Thristino's name. The duty to preserve evidence is limited to evidence that might be expected to play a significant role in a suspect's defense. *California v. Trombetta*, 467 U.S. 479, 488, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). Here, while failure to preserve photographs and other items may have been careless, it did not rise to the level of constitutional infirmity. *See United States v. Bakhtiar*, 994 F.2d 970, 974 (2d Cir.1993) ("While we agree that the government was sloppy in its handling of this evidence, it appears that the missing material would have been of little or no use to the defense.... [T]he loss did not deprive ... defendant of a fair trial."). In light of the strong evidence against Thristino, it is unlikely that the various items cited by him would have moved the jury to acquit.

■ Furthermore, defense counsel's failure to request an adverse-inference jury charge regarding unpreserved evidence was not inappropriate. Such a charge would have been proper had there been an obligation to preserve the evidence and had the evidence been intentionally destroyed. *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir.1998). In view of the fact that the jury heard the testimony of the two police officers who were present for the seizure of the bullet and plainly credited their testimony, there is no evidence that the missing evidence was destroyed or that it would have been useful to the defense. In sum, Thristino has not shown deficient performance or prejudice under *Strickland* with respect to defense counsel's failure to request a pre-trial hearing or a jury instruction regarding the preservation of evidence.

■ Finally, Thristino argues that his Fourteenth Amendment due process right

to a fair trial was violated by the prosecutor's prejudicial statements during summation that "exploited" the drug evidence and impermissibly vouched for the credibility of witnesses. This claim also fails. The government has "broad latitude in the inferences it may reasonably suggest to the jury during summation." *United States v. Zackson,* 12 F.3d 1178, 1183 (2d Cir.1993) (quotation marks omitted). In order for a prosecutor's remarks to rise to the level of a constitutional violation, the summation must be so prejudicial as to render the trial fundamentally unfair. *Garofolo v. Coomb,* 804 F.2d 201, 206 (2d Cir.1986). Here, the prosecutor permissibly cited drug activity to explain Thristino's possession of ammunition. Both parties agreed before trial that such evidence would be admissible.

Thristino's contention that the prosecutor improperly vouched for witnesses also fails. Vouching is improper when it implies that counsel is referring to extraneous proof of a witness's veracity rather than proof "fairly based on record evidence." *United States v. Canniff,* 521 F.2d 565, 571 (2d Cir.1975). Here, the prosecutor based his comments on evidence introduced at trial. Moreover, "[p]rosecutors have greater leeway in commenting on the credibility of witnesses when the defense has attacked their credibility." *United States v. Perez,* 144 F.3d 204, 210 (2d Cir .1998). Thristino's counsel's "frame-up" theory depended on the incredibility of witness Gonzalez. Accordingly, the prosecutor did not improperly vouch for Gonzalez.

We have considered Thristino's other arguments and find them unpersuasive. Accordingly, the judgment of conviction in the district court is hereby AFFIRMED.