Joseph THRISTINO, Petitioner,

v.

UNITED STATES OF AMERICA
Respondent.

No. 03CIV6055VM.

United States District Court,
S.D. New York.

July 25, 2005.

**_DECISION AND ORDER_**

MARRERO, District Judge.

_Pro se_ petitioner Joseph Thristino ("Thristino") filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (" § 2241"), which was construed by the Court as a motion under 28 U.S.C. § 2255 (" § 2255") on August 12, 2003. In that petition (the "Original Petition"), Thristino attacked his conviction essentially on the same grounds that he had raised on his direct appeal to the Second Circuit. _See United States v. Thristino,_ 47 Fed.Appx. 7, 9–10 (2d Cir.2002). The Government responded to Thristino's petition, arguing in part that the challenges raised in the Original Petition were procedurally barred by the decision of the Second Circuit Court of Appeals to affirm Thristino's conviction. Thristino then filed the instant motion to amend his Original Petition.

In his motion for leave to amend, Thristino argues that (1) his right to a jury trial was infringed because the jury did not find each of the elements of the offense charged, and specifically his prior conviction, beyond a reasonable doubt; (2) his sentence is constitutionally infirm because it was enhanced on the basis of his prior convictions, which were not found beyond

a reasonable doubt by a jury; and (3) the state felony on which his felon-in-possession charge was predicated may be constitutionally infirm because he allegedly was not informed of certain constitutional rights prior to entering his plea in the New York State Supreme Court proceeding. In order to establish his claims, Thristino also moves to have certain trial documents produced by the Government, to obtain an evidentiary hearing and for permission to traverse. For the reasons set forth below, Thristino's motions are denied.

## I. BACKGROUND [1]

Thristino's arrest was initially prompted by a complaint filed with the local police in which the complainant (the "Victim") reported that he had been threatened at gunpoint by Thristino on June 17, 2000. The Victim described the gun used by Thristino as a silver-colored revolver. Additionally, the Victim reported that Thristino regularly sold drugs out of the Victim's residence in South Fallsburg, New York (the "Residence"). On the basis of these allegations, the local police obtained a warrant to search the Residence.

The police executed the warrant on June 18, 2000, at which point Thristino was found at the Residence. During the course of the search, eleven bags containing heroin were recovered in Thristino's pants pocket. Also recovered on the premises was a loaded .38 caliber Rossi revolver matching the Victim's description of the gun he claimed had been used to threaten him. A second witness who was in the Residence stated that the firearm belonged to Thristino. The revolver contained five Federal brand bullets in the

1. The following facts were established at Thristino's trial and are not disputed by the parties. In reviewing these facts, the Court considered the Presentence Investigation Re- port prepared by the United States Probation Officer as well as documents referenced by the parties in their submissions.

cylinder. In addition, the police searched the contents of a backpack found in the Residence that contained a wallet with multiple pieces of identification belonging to Thristino, including a driver's license with a photo and a social security card. The backpack also contained a single .38 caliber bullet of the same type and brand as the five that were in the retrieved revolver. All bullets appeared to have been manually altered. Thristino was arrested and a criminal record check indicated that he had been previously convicted of numerous felonies. One of Thristino's prior felony convictions arose from a charge of Attempted Robbery in the Second Degree in New York State Supreme Court, New York County. In addition, both the Rossi revolver and Federal brand bullets were not manufactured in the State of New York.

In its Indictment before a Grand Jury, the Government charged Thristino with two counts of criminal conduct arising respectively from his possession of the revolver and the bullet after having been previously convicted of a felony, specifically Attempted Robbery in the Second Degree in the Supreme Court of the State of New York, New York County. (Indictment, S1 00 Cr. 885 (the "Superceding Indictment"), at 1–2.) On November 30, 2000, Thirstino was found guilty of Count Two, *i.e.*, possession of ammunition by a felon, following a jury trial before Judge Barrington D. Parker, Jr.

After the jury verdict, Judge Parker computed Thristino's sentence pursuant to § 2K2.1(a)(2) of the U.S. Sentencing Guidelines, which provides a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled

substance offense." United States Sentencing Commission, *Guidelines Manual*, § 2K2.1(a)(2) (Nov.2000). Thristino's prior convictions amounted to fifteen criminal history points, placing him in Criminal History Category VI. Under the Guidelines, Thristino's sentencing range was between 100 and 125 months imprisonment. Judge Parker, however, applied a statutory maximum sentence for Thristino's offense pursuant to 18 U.S.C. § 924(a)(2), which provides that "[w]hoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." [2] 18 U.S.C. § 924(a)(2). Therefore, because Thristino's sentence could not be greater than the statutorily authorized maximum sentence, *see* U.S.S.G. § 5G1.1(c)(1), the applicable Guidelines range was reduced to between 100 and 120 months imprisonment. Judge Parker sentenced Thristino to 100 months imprisonment.

Thristino appealed his conviction to the Court of Appeals for the Second Circuit. The Second Circuit summarized Thirstino's arguments on appeal as follows:

> Thristino challenges his conviction on two grounds: (1) that his trial counsel provided ineffective assistance in violation of his Sixth Amendment rights by conceding admissibility of evidence of drug-related activity in the apartment from which the ammunition at issue was seized and by failing to request a hearing or jury instruction on law enforcement's failure to collect or preserve certain items of evidence; and (2) that the prosecutor made prejudicial statements during summation that exploited the drug evidence and impermissibly vouched for the credibility of witnesses,

---

**2.** Despite a slew of prior adult felony convictions, Thristino was not sentenced under 18

U.S.C. § 924(e)(1), which would have provided a minimum sentence of fifteen years.

in violation of Thristino's due process rights under the Fourteenth Amendment. *Thristino,* 47 Fed.Appx. at 8. The Second Circuit rejected both challenges and affirmed the conviction. *See id.* at 9–10.

Thristino then filed a timely petition for a writ of habeas corpus pursuant to § 2241 in the United States District Court for the Northern District of New York. After being transferred to the Southern District, Thristino's § 2241 motion was assigned to Judge Michael Mukasey.[3] In an order dated August 12, 2003, Judge Mukasey construed the Original Petition as a motion under 28 U.S.C. § 2255. In that petition, Thristino attacked his conviction essentially on the same grounds that he had raised on appeal. After the Government filed its opposition, which correctly pointed out that the challenges raised in the Original Petition were procedurally barred as they

had already been raised and rejected on appeal,[4] Thristino filed the instant motion to amend his Original Petition.

In the instant motion, Thristino alleges and argues that (1) his Sixth Amendment right to a jury trial was infringed because the jury failed to make a finding as to his predicate felony conviction, its constitutionality and the age at which he committed the underlying offense; (2) the sentence is constitutionally infirm under the Sixth Amendment because it was determined on the basis of a judicial finding about his prior convictions; and (3) the predicate felony for his felon-in-possession charge may be constitutionally infirm because he was not informed of his right to a jury trial.[5] In order to establish his claims, Thristino also moves to have certain trial documents produced by the Government and to obtain an evidentiary hear-

---

**3.** Thristino's petition was transferred pursuant to 28 U.S.C. § 2255, which provides in relevant part that an inmate in federal prison "may move *the court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (emphasis added). Because Thristino had been tried and sentenced in the Southern District, the Northern District did not have jurisdiction over Thristino's petition. The case was reassigned from Judge Mukasey to this Court on November 12, 2003.

**4.** The Court agrees with the Government's position and Thristino's acknowledgment that the Original Petition's claims predicated on ineffective assistance of counsel are procedurally barred because they were fully reviewed and dismissed by the Second Circuit on direct appeal. *See Abbamonte v. United States,* 160 F.3d 922, 924 (2d Cir.1998) ("As a general rule § 2255 petitioners may not raise on collateral review a claim previously litigated on direct appeal.").

**5.** Because Thristino is a *pro se* petitioner, his submissions are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9, 101

S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (citing *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)).

Mindful of this relaxed standard of pleading, the Court views the three claims above as the strongest legal formulation of Thristino's following statements: (1) "the petitioner's right to jury trial, as to each of the elements of the offense charged, were [sic] not proven beyond a reasonable doubt" (Thristino's Petition to Amend, dated April 24, 2005 ("Pet. to Amend"), at 1); (2) "[t]he district court erred when it imposed a term of imprisonment based on an alleged prior conviction" (*Id.* at 6); (3) "the petitioner has filed a post-conviction motion [in state court], asserting that the prior conviction named in the Superceding Indictment ... is constitutionally infirm.... [T]his Court must "Stay and Abey" the resolution of this action until the petitioner's current post-conviction motion is adjudicated upon" (Thristino's Motion for Discovery, dated April 24, 2005 ("Mot. for Disc."), at 6).

ing. For the reasons set forth below, Thristino's motions are denied.

## II. DISCUSSION

### A. THE MOTION SHOULD BE CONSTRUED AS A MOTION TO AMEND THRISTINO'S ORIGINAL PETITION

Thristino's filing of a subsequent § 2255 petition to amend his pending § 2255 motion requires the Court to address the question of whether the subsequent petition should be treated as "second or successive" within meaning of 28 U.S.C. § 2255 or as a motion to amend the Original Petition. The Second Circuit held that "it is clear that for a petition to be 'second or successive' within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of 'a proceeding that 'counts' as the first. A petition that has reached final decision counts for this purpose.'" *Ching v. United States,* 298 F.3d 174, 177 (2d Cir.2002) (quoting *Littlejohn v. Artuz,* 271 F.3d 360, 363 (2d Cir.2001)). "When a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." *Ching,* 298 F.3d at 177.

■ The Court concludes that, because the instant motion was filed "before adjudication of an initial § 2255 motion," *Ching,* 298 F.3d at 177, it should be construed as a motion to amend the Original Petition rather than as a second or successive petition. The Court will, therefore, turn to the analysis of the merits of Thristino's motion to amend.

### B. STANDARD OF REVIEW ON A MOTION TO AMEND A PETITION FOR HABEAS RELIEF

■ A motion to amend a prior petition for a write of habeas corpus is analyzed according to the requirements of Fed. R.Civ.P. 15(a) ("Rule 15(a)"). *See Littlejohn,* 271 F.3d at 363 (holding that the review of a motion to amend a habeas petition is governed by Fed.R.Civ.P. 15); *Ching,* 298 F.3d at 180 (stating that Rule 15(a) applies to a motion to amend a § 2255 petition). Under Rule 15(a), leave to amend "shall be freely granted when justice so requires." Fed.R.Civ.P. 15(a). However, "a district court may properly deny leave when amendment would be futile." *Jones v. N.Y. State Div. Military & Naval Affairs,* 166 F.3d 45, 50 (2d Cir. 1999) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

■ In deciding whether amendment to include Thristino's new claims would be futile, the Court must apply the standard of review controlling § 2255 petitions. A prisoner in federal custody may file a petition for a writ of habeas corpus under § 2255 to collaterally attack his sentence if it (1) was imposed by a court lacking jurisdiction, (2) violates the United States Constitution or United States law, (3) is excessive under applicable law, or (4) "is otherwise subject to collateral attack." 28 U.S.C. § 2255. In order to collaterally attack a sentence under § 2255, a criminal defendant must demonstrate "an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun,* 73 F.3d 8, 12 (2d Cir. 1995) (internal quotations and citations omitted). If the Court determines that leave to amend is appropriate under Rule 15(a), the Court must then decide whether the amended claims are timely for the purpose of the statute of limitations.

In addressing this question, "Fed. R.Civ.P. 15(c) [ ("Rule 15(c)") ] governs the timeliness of a motion to amend submitted

after AEDPA's statute of limitations has expired." *Ching,* 298 F.3d at 181 (citations and internal quotations omitted). Rule 15(c) provides, in pertinent part, that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c). In the habeas context, the Second Circuit has directed district courts reviewing amendments under Rule 15(c) to "consider whether the issues raised [by petitioner's] motion to amend relate back to the claims raised in the original § 2255 motion." *Ching,* 298 F.3d at 181.

## C. *THRISTINO'S MOTION TO AMEND IS FUTILE*

### 1. *The Jury Finding of All the Elements of the Offense Charged Beyond a Reasonable Doubt*

Thristino claims that his "right to jury trial, as to each of the elements of the offense charged, were [sic] not proven beyond a reasonable doubt." (Pet. To Amend, at 1.) Amendment to add such a claim would be futile as the Court is satisfied that each of the elements of 18 U.S.C. § 922(g)(1) was charged in the indictment on which Thristino was found guilty.

18 U.S.C. § 922(g)(1) makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). The Superceding Indictment charged Thristino with (1) possessing a Federal brand .38 caliber bullet (2) after being convicted of Attempted Robbery in the Second Degree in the Supreme Court of the State of New York. Simply put, the elements spelled out in the Superceding Indictment reflect precisely the statutory definition of the offense charged. Therefore, by finding Thristino guilty of being a felon-in-possession pursuant to 18 U.S.C. § 922(g)(1), the jury must necessarily have concluded that the Government had demonstrated all the elements required by 18 U.S.C. § 922(g)(1) as charged in the Superceding Indictment beyond a reasonable doubt. The Court finds Thristino's claim that his right to a have every element of the offense established beyond a reasonable doubt was infringed to be baseless.[6]

### 2. *The Constitutionality of Thristino's Sentence*

The Court also finds that amendment to add Thristino's claim that his sentence was improperly enhanced based on his prior convictions would be futile. Although Judge Parker necessarily made some factual findings regarding Thristino's prior convictions,[7] such findings were made under the Sentencing Guidelines. Therefore,

---

**6.** The Court also declines to follow Thristino's argument that the jury finding is somehow vitiated by Thristino's failure to admit the constitutionality of his prior conviction or that he was over 18 years of age at the time of the occurrence. These allegations are not elements of the offense charged, and the jury did not need to find them beyond a reasonable doubt.

**7.** Judge Parker agreed with the Probation Officer's Presentence Investigation Report that Thristino's base offense level was 24 pursuant to U.S.S.G. § 2K2.1(a)(2). Therefore, Judge Parker must have concluded at sentencing that Thristino had committed at least one additional felony besides the Attempted Robbery found by the jury at trial.

to the extent Thristino attempts to challenge the constitutionality of his sentence enhancement, such challenge would raise a claim under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[8] Even if the sentencing court's reliance on Thristino's prior convictions were problematic under *Booker,*[9] Thristino's collateral attack on his sentence on this ground is unavailing.

While the Supreme Court explicitly recognized that both the constitutional and remedial portions of *Booker* apply to cases on direct appeal, *see id.* at 769 ("As these dispositions indicate, we must apply today's holdings—both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act—to all cases on direct review."), the *Booker* decision "made no explicit statement of retroactivity to collateral cases." *Guzman v. United States,* 404 F.3d 139, 141 (2d Cir.2005) (quoting *Green v. United States,* 397 F.3d 101, 103 (2d Cir.2005)). The Second Circuit subsequently held that the Supreme Court's decision in *Booker* is not retroac-

8. In their briefs, the parties discuss at length the continued validity of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), in light of certain dicta in *Shepard v. United States,* —— U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). In *Almendarez–Torres,* the Supreme Court held that a statutory provision that mandated an increase in the maximum sentence on the basis of a prior conviction constituted a sentencing factor and was not an element of the offense charged. *See Almendarez–Torres,* 523 U.S. at 235, 118 S.Ct. 1219 ("Congress intended to set forth a sentencing factor ... and not a separate criminal offense."). Consequently, such prior conviction did not need to be found by a jury beyond a reasonable doubt under the Sixth Amendment. This holding was called into question by Justice Thomas in his recent concurring opinion in *Shepard:*

> The parties do not request it here, but in an appropriate case, this Court should consider *Almendarez–Torres'* continuing viability. Innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of *Almendarez–Torres,* despite the fundamental "imperative that the Court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury, and beyond-a-reasonable-doubt requirements." *Harris v. United States,* 536 U.S. 545, 581–582, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (Thomas, J., dissenting).

*Shepard,* 125 S.Ct. at 1264.

The Court declines to address the parties' discussion of *Almendarez–Torres* or consider its validity. In the instant case, the statutory maximum sentence to which Thristino was subject was 10 years. *See* 28 U.S.C. 924(e)(1). In contrast to *Almendarez–Torres,* Thristino's statutory maximum was not at all affected by or exceeded based on a judicial finding regarding his prior convictions. *See* 18 U.S.C. 924(e)(1). Thristino's statutory maximum sentence would have been the same even if *Almendarez–Torres* had been overruled long before the petitioner's conviction.

9. In *Booker,* the Supreme Court faced the question of "[w]hether the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (*other than a prior conviction*) that was not found by the jury or admitted by the defendant." *Booker,* 125 S.Ct. at 747 (emphasis added). Deciding the question in the affirmative, the Supreme Court reaffirmed its prior constitutional ruling in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and squarely held that "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker,* 125 S.Ct. at 756 (emphasis added). As the added emphasis suggests, *Booker* maintained the *Apprendi* exception for prior convictions, which remained constitutionally unproblematic under the Sixth Amendment. *Booker,* however, also included a sweeping remedial provision, under which the application of the Sentencing Guidelines became advisory in *all* cases, and not just in those cases in which a mandatory application would be unconstitutional. *Id.* at 764.

tive and does not apply to cases on collateral review. *See Guzman*, 404 F.3d at 141 (*"Booker* is not retroactive.").

■ As a result of the Second Circuit's decision in *Guzman*, the Court concludes that Thristino is barred from collaterally challenging the sentence enhancement applied by Judge Parker. The judgment of Thristino's criminal prosecution for his felon-in-possession charge became final when the Second Circuit affirmed the conviction on September 9, 2002. However, the Supreme Court did not decide *Booker* until January 12, 2005. *See Booker*, 125 S.Ct. at 738. Thus, because *"Booker* is not retroactive," *Guzman*, 404 F.3d at 141, Thristino's collateral attack on his sentence on this ground in unavailing and would prove fatal to any amendment of his § 2255 petition.[10]

### D. *TIMELINESS OF THE AMENDED CLAIMS*

#### 1. *Timeliness under § 2255*

Were the Court to have found the claims in Thristino's amended petition viable, the motion to amend would still be denied as Thristino's claims are all time-barred. The statute of limitations that Congress incorporated in 28 U.S.C. § 2255 provides:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

■ Thristino's first argument, *i.e.*, that his conviction was not found by the jury beyond a reasonable doubt, is time-barred. The first step in deciding the timeliness of a claim presented in a § 2255 petition requires the Court to establish when the "clock" started running for the purpose of computing the statute of limitations. Thristino's right to have a jury find each element of the offense charged beyond a reasonable doubt is certainly not the result of unconstitutional governmental action, of a *newly recognized* constitutional right, or of newly discovered evidence that "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. Therefore, the one-year statute of limitations started running on the date on which the judgment of conviction became final, namely September 9, 2002. *See id.* Thristino, however, first advanced this constitutional challenge in his amended motion, which was not filed until April 24, 2005, well over one year from the date of final judgment. Because Thristino did not adduce any legally cognizable or persuasive explanation for the delay, Thristino's claim is time-barred.[11]

---

**10.** For the same reasons outlined in the discussion above, Thristino cannot collaterally challenge the judicial findings leading to

Judge Parker's determination that Thristino's criminal history fell under Category VI.

**11.** Attempting to justify his failure to include the amended claims in the Original Petition,

Thristino's second argument, *i.e.*, that his sentence enhancement is constitutionally infirm because his prior convictions were not found beyond a reasonable doubt, is also time-barred. In order to defeat the statute of limitations on a claim of constitutional infirmity based on a newly discovered right, the petitioner must show that the newly discovered right has been "recognized by the Supreme Court and made *retroactively applicable* to cases on collateral review". 28 U.S.C. § 2255(4) (emphasis added). As explained in the substantive discussion above, the Court does not need to decide whether Thristino's sentence enhancement infringed a constitutional right newly-recognized by the Supreme Court in *Booker*, since any such right has been deemed non-retroactive. Therefore, because there is no newly-recognized *retroactive* constitutional right at issue, Thristino's amended claim comes well after the expiration of the applicable one-year statute of limitations and is, therefore, time-barred.

### 2. *Timeliness under Rule 15(c)*

■ As all of Thristino's claims are time-barred upon date of filing the Motion to Amend, the only basis upon which such claims could survive is if they "relate back" to the claims in Thristino's Original Petition under Rule 15(c). The present motion, however, does not raise issues that arose out of the same facts as the claims in the Original Petition. Much like his appellate brief, Thristino's Original Petition argued that his conviction should be vacated because his counsel had been ineffective in

failing to oppose the introduction of certain allegedly prejudicial evidence. Quite differently, in this petition, Thristino brings forth two constitutional challenges to his conviction and sentence that remain completely unrelated to his counsel's effectiveness at trial. Indeed, the scope of Thristino's claims, which attack the constitutionality of the Court's treatment of his prior convictions, does not even mention his counsel's conduct at trial. The Government, thus, did not receive "fair notice of what the [petitioner's] claim is and the grounds upon which it rests" from Thristino's Original Petition. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 150, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The link between the issues now before the Court and those raised in the Original Petition is too tenuous to meet the Rule 15(c) requirement that the newly raised issues "relate back" to the same occurrence as the issues in the Original Petition.

### III. *THRISTINO'S REMAINING MOTIONS*

In a separate motion, Thristino argues that his prior predicate conviction may be constitutionally infirm and that, therefore, the Court should stay the instant proceedings to allow for a collateral attack of the underlying conviction in a state action. The Second Circuit made clear in *United States v. Sharpley*, 399 F.3d 123 (2d Cir. 2005), that, "[t]o the extent that [a petitioner] seeks to collaterally attack his prior conviction as part of the proceedings for

---

Thristino asserts: "Although the petitioner has researched the issue, there are citations of authority for the proposition that a prisoner may claim, ineffective assistance of an inmate law clerk; however, ... the petitioner will additionally claim, if leave to Amend [sic] is not granted, that the Bureau of Prison's provided ineffective assistance of an inmate law

clerk in the preparation of the petition for habeas relief." Unlike petitioner, the Court was not able to identify any authority standing for the proposition that ineffective assistance of an inmate law clerk constitutes a valid ground for granting a tolling of the statute of limitations.

his felon-in-possession conviction, this attack is wholly barred." *Id.* at 126. Moreover, the Second Circuit held that "[t]o the extent that [a petitioner] attacks his prior conviction as part of his sentencing proceedings, he can do so only if the prior conviction is constitutionally infirm under the standards of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).... *Gideon,* in turn, establishes that criminal defendants in state court have the right to counsel, and that the state must accordingly provide counsel for indigent defendants." *Sharpley,* 399 F.3d at 126.

■ Like the defendant in *Sharpley,* Thristino "cannot challenge his prior felony conviction here." *Id.* Of course, this does not leave Thristino without a venue to redress any constitutional infirmities allegedly tainting his prior conviction—assuming that a sufficient basis exists to permit a timely challenge at this point. Indeed, if Thristino succeeds in vacating his prior conviction "through state or federal challenges, he may seek to have his sentence reopened." *Id.* At this stage, however, the Court declines to stay the proceedings on the basis of Thristino's hypothetical ability to have his prior conviction overturned in a separate proceeding, especially where he may seek to file a new habeas petition when and if his state conviction is successfully attacked. *Id.*

Contrary to Thristino's argument, the Court does not view *Rhines v. Weber,* —— U.S. ——, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), as standing for the proposition that "this Court must 'Stay and Abey' the resolution of this action until the petitioner's current post-conviction motion is adjudicated." (Mot. for Disc. at 6.) In fact, for the reasons stated below, *Rhines'* holding is much narrower than petitioner believes.

First, writing for the Court, Justice O'Connor circumscribed the holding to the narrow question of "whether a federal district court has *discretion* to stay the mixed petition to allow the petitioner to present his *unexhausted* claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Rhines,* 125 S.Ct. at 1531 (emphasis added). Therefore, nothing in *Rhines* mandates that a district court *automatically* grant a stay even under the circumstances of *Rhines.* Granting a stay remains a case-specific inquiry within the discretion of the district court.

Second, the holding in *Rhines* is entirely inapplicable to Thristino's case. *Rhines* dealt with a petition for habeas relief from a conviction in state court under 28 U.S.C. § 2254 ("§ 2254"). In such cases, "[a]n application for a writ of habeas corpus ... shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In *Rhines,* petitioner's claims were dismissed as unexhausted by the district court, but, while he attempted to exhaust his state court remedies, the claims became time-barred for federal collateral attack. *Rhines,* 125 S.Ct. at 1532. In the interest of providing state prisoners with at least one opportunity to challenge the constitutionality of their conviction in federal court, the Supreme Court in *Rhines* essentially granted the federal district courts discretion, under certain circumstances, to toll the statute of limitations by staying the habeas corpus petition filed under § 2254.

No such stay is necessary or warranted in adjudicating § 2255 petitions, which may be brought only by federal prisoners. A situation like that in *Rhines* simply could not occur in a habeas petition under § 2255 because there is no threshold requirement for the petitioner to bring the claims to state court in the first place. For these reasons, the Court declines to grant

a stay of the proceedings in the instant case.

Further, because Thristino's motion to amend is denied, his request for discovery and an evidentiary hearing before adjudication of the amended claims is also denied. It would be pointless for the Court to grant a discovery request or hold an evidentiary hearing that could, at best, be relevant only to moot claims. Finally, the Court denies Thristino's motion to traverse as it would be futile in the absence of any surviving claims.

## IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion filed by petitioner Joseph Thristino on October 12, 2003 attacking his conviction and sentence pursuant to 28 U.S.C. § 2255 is denied; and it is further

**ORDERED** that the motions filed by Joseph Thristino on April 24, 2005 to amend, for a stay in the proceedings, discovery, for an evidentiary hearing and for permission to traverse prior to adjudication are denied.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253. The Clerk of Court is directed to close this case and any open motions under this docket number or docket number 03 Civ. 6055.

**SO ORDERED.**